## BARNER v. BARNER.

*Courts of Appeals—Corporate entities or organized legal bodies—Judges thereof not the "courts"—Jurisdiction of subject-matter conferred by parties, when—Agreement to submit case to judges of another district—Statutory provision for assignment by chief justice waived, when—Section 1528, General Code—Nonresident judges become judges of local district, when—Consent to hear case in another county binding, when—Objection to personnel or jurisdiction waived, when.*

1. The Courts of Appeals are an integral part of the state government and are corporate entities, or organized bodies, existing only in contemplation of law.

2. The judges of said courts, while an indispensable part thereof, are not the courts, but are public officers selected to administer the law in and preside over the courts.

3. When a plaintiff in error files a petition in a Court of Appeals of the proper county, he thereby invests that court with jurisdiction over his person, and when service is obtained upon the defendant in said action in a manner required by law, jurisdiction of the subject-matter having been conferred by law, jurisdiction is complete, and any judgment rendered by such court is final and conclusive and binding upon the parties until modified or reversed in the manner provided by law.

4. When the parties to a proceeding in error agree among themselves, and with the judges of the Court of Appeals of the county where the action is pending, to have the case heard and decided by the judges of another district, they and each of them thereby waive the provisions of Section 1528, General Code, as to an assignment being made by the chief justice of the Court of Appeals before the case is heard, and the filing of assignments of transfer after the case is heard and determined could not prejudice or benefit either of the parties.

5. When the parties to a proceeding in error agree to and

[1] Courts, 15 C. J. § 3; [2] Judges, 33 C. J. §§ 2, 81; [3] Courts, 15 C. J. § 95; [4] Id., § 102; [5] Judges, 33 C. J. § 110.

do submit their case to a Court of Appeals composed of the duly elected and qualified judges of another appellate district, said judges are not acting as judges of said other district when hearing the case, but are acting for and in the place of the regularly qualified and acting judges of the county in which the case is pending, and these judges, for that case, become the judges of the district in which the county is situated.

6. When the parties to an error proceeding consent to and submit the case to the judges of the district in which the case is pending, whether said judges are the regularly elected judges of said district, or others, at a county seat without the territorial limits of said district, neither of the parties can afterwards complain or withdraw the consent thus given, inasmuch as the place of hearing does not and could not affect the validity of the decision made upon the merits of the case.

7. When three judges of the Courts of Appeals of Ohio, competent under the Constitution to exercise judicial power in any district in the state, were present at a county seat at a time agreed upon by the parties, who appeared without objection and submitted to said judges sitting as a Court of Appeals the issues made by the pleadings of said parties, the court was properly constituted and organized, with full power and jurisdiction to hear and determine the questions thus raised and submitted. The presence of no particular judges was necessary to constitute the court, and any objection that either of the parties may have had to any particular judge or judges, or to the court as thus constituted, was waived by the parties appearing and submitting the case without making such objection known.

(Decided April 17, 1925.)

ERROR: Court of Appeals for Lorain county.

ON MOTION to expunge.

*Miss H. J. Willis,* for plaintiff in error.

[6] Id.;   [7] Id.

*Messrs. Schwartz & Lustig* and *Mr. E. B. Hase-rodt,* for defendant in error.

PARDEE, P. J. On the 4th day of April of this year, it being a day in the October, 1924, term of the Court of Appeals of Lorain county, the plaintiff in error, Rosamond S. Barner, filed a motion "to expunge from the records of this court in Cause No. 316 and the mandate on the records of the Common Pleas Court of Lorain county, Ohio, in Cause No. 21186 said judgment entered January 29, 1925, by the 2d District, for the reason that said judgment is null and void, in that the Franklin County Court of Appeals was not properly assigned to sit, hear and determine said cause December 22, 1924, in accordance with the statutes governing such assignments, and was therefore without jurisdiction."

Thereafter, on April 8, the defendant in error, George T. Barner, filed a motion to strike the foregoing motion from the files and dismiss the same.

On that date, and by request of the parties, the judges of the court consenting to hear the motions, the same came on to be heard upon a written stipulation agreeing upon some of the facts which should govern and determine the disposition of the same.

Plaintiff in error also testified in open court upon the hearing of the motions that she had no knowledge that the case was to be heard by the judges of the Court of Appeals of the Second District, until two or three days prior to October 11, 1924, when her attorney so informed her, but that her attorney did not advise her that she did not have to go to Columbus to have the case heard, nor did he show her the statutes on the subject

of the assignment of judges of the Court of Appeals, and that in that way her consent was obtained. She also claims that she did not have full knowledge of all the details as to the assignment of this case to be heard by the judges of the Second Appellate District until March 9, 10, 11 and 13, 1925.

From these facts it appears that the defendant in error obtained a divorce from the plaintiff in error by the judgment of the Court of Common Pleas of this county, and that the plaintiff in error being dissatisfied therewith filed a petition in error in this court, with a bill of exceptions, praying for a reversal of the judgment.

On October 6, 1924, when this court opened its October, 1924, term at Elyria, on the call of the docket there was found this case, and, as one of the judges had been an attorney for the plaintiff in error, the judges declared in open court that the case ought to be heard and determined by the judges of some other appellate court, sitting as judges of this court. Before any effort was made to get judges of another appellate court to hear the case, the attorney for the plaintiff in error, having been informed of the fact that the judges of this court did not want to hear the case, appeared before the judges of this court and stated that he would take the matter up with his client and let the court know if it was agreeable to her to have the case heard by the judges of the Second District, and heard before them in Columbus, there having been, on October 6, 1924, another case in Lorain county assigned, by agreement of the parties interested therein, to said judges for hearing.

Later, the attorney for the plaintiff in error noti-

fied this court by letter that he had taken the matter up with his client and that it would be agreeable to her to have the said case submitted to and decided by the judges of the Second District Court of Appeals at Columbus. Later, arrangements having been made by the judges of this court, by agreement of the attorneys for the plaintiff in error and those of the defendant in error, with the judges of said Second District, the plaintiff in error and defendant in error, with their respective attorneys, appeared in open court before the judges of the Second District at Columbus on December 22, 1924, without objection, and argued and submitted the cause upon its merits. These judges later rendered their decision, affirming the judgment of the lower court, and approved a journal entry disposing of the case, which journal entry was entered upon the record of the Court of Appeals of Lorain county.

Neither at the time said case was heard in Columbus, nor at the time it was decided or the journal entry was approved and filed, had the Second District judges been assigned by the chief justice of the Court of Appeals of Ohio to hear the case; but, after the case had been so submitted and decided, and the journal entry approved and recorded, written assignments were procured by the judges of the Ninth District from the former chief justice of the Court of Appeals, predated, and filed by order of this court, and entered upon the records of this court, in the clerk's office of Lorain county—all in pursuance of said prior agreement of the attorneys of the parties.

From the foregoing statement of facts, the plaintiff in error claims that the judges of the

Court of Appeals of the Second District, sitting in Columbus on December 22, 1924, were not competent to sit as judges in the case, and that the order and judgment in the case made by them are null and void.

The plaintiff in error does not allege or prove that any fraud was practiced upon her by the defendant in error, or by the judges of the Court of Appeals of the Second or Ninth Districts in procuring her consent to have said cause heard by the judges of said Second District, or in procuring her presence in said court, presided over by said judges, at the time the cause was argued and submitted; but she does claim that she was not fully informed by her attorney that she was not required to consent to have the cause submitted to and heard by the judges of that court, or to go to Columbus to have said case heard by and submitted to said court in said city, and that if she had been fully advised and informed by her attorney in that respect she would not have consented to have her case submitted to said court so constituted, or heard before it at Columbus.

In arriving at a proper conclusion in this case, it must be borne in mind that the several Courts of Appeals are created by the Constitution of the state and are an integral part of the state government, to which a part of the administration of justice is delegated, they being corporate entities or organized bodies, existing only in contemplation of law. The judges of said courts, while an indispensable part thereof, are not the courts, although provided for by the same Constitution, but are public officers, selected to administer the law in and preside over said courts.

It is specially provided by Section 6, Article IV, of the Constitution of Ohio, the same referring to judges of the Courts of Appeals, that "Each judge shall be competent to exercise judicial powers in any appellate district of the state."

When the plaintiff in error filed her petition in error in the Court of Appeals of Lorain county, she thereby invested that court with jurisdiction over her person—jurisdiction of the subject-matter of the action having been conferred by law—and when she obtained service upon the defendant in error in the manner required by law, jurisdiction was complete, and any judgment rendered by such court would be final and conclusive and binding upon the parties until modified or reversed in the manner provided by law.

If the judgment had been rendered by that court, presided over by the duly elected, qualified and acting judges of the Ninth Appellate District, the question we have before us would not have arisen, and there could be no doubt that in law the judgment would and should be given full force and effect. So the question remains, Is said judgment void and of no validity because made and entered by said court, presided over by the judges of another district, in pursuance of the facts hereinbefore stated?

If the judges of the Second District had heard and decided the case in the county seat of Lorain county, there would be no question that any judgment made and entered by the court so constituted would be valid and binding upon the parties until modified or reversed, although no assignment of said judges had been made as provided by Section

1528, General Code. *Freeman* v. *Miles, Admx.,* 92 Ohio St., 172.

When the parties to this action agreed between themselves, and with the judges of the Second and Ninth Districts, to have the case heard and decided by the judges of the Second District, they and each of them thereby waived the provisions of Section 1528, General Code, as to an assignment being made by the chief justice of the Court of Appeals before the case was heard, and the filing of said assignments of transfer at the time they were filed could not prejudice the plaintiff in error or benefit the defendant in error in any way.

Also, when said parties and each of them agreed to and did submit their case to the court composed of the duly elected and qualified judges of the Second Appellate District, said judges were not acting as judges of the Second District but were acting for and in the place of the regularly elected and qualified judges of the Ninth District, and said judges for said case became the judges of the said Ninth District, as is fully provided for by Section 6, Article IV, of the Constitution, *supra;* and when said parties and each of them consented to and did submit said case to the judges of the Ninth District (whether said judges were the regularly elected judges of said district or others), at a county seat without the territorial limits of said Ninth District, neither of said parties can afterwards complain nor withdraw the consent thus given, inasmuch as the place of hearing, so long as the court hearing the same had jurisdiction of the persons and the subject-matter of the action, does not and could not affect the validity of the decision made upon the merits of the case.

We are therefore unanimously of the opinion that the Court of Appeals of the Ninth District had jurisdiction of the subject-matter of the action and of the parties thereto at the time said case was heard and decided, and when three judges of the Courts of Appeals of Ohio, competent under the Constitution to exercise judicial power in any district in the state, were present at a time and place agreed upon by the parties, who appeared and without objection submitted the issues made by the pleadings of said parties to said judges sitting as the court of the Ninth District, the court was properly constituted and organized, with full power and jurisdiction to hear and determine the questions thus raised and submitted. The presence of no particular judges was necessary to constitute the court, and any objection that either of said parties may have had to any particular judge or judges, or to the court as thus constituted, was waived by the parties appearing and submitting the case without making such objection known.

For the reasons stated, the prayer of said motion of plaintiff in error is denied, and the motion is dismissed.

*Motion dismissed.*

WASHBURN and FUNK, JJ., concur.