MENARDI ET AL., APPELLEES, *v.* PETRIGALLA, APPELLANT.

(No. 45660—Decided September 19, 1983.)

*Mr. Richard W. Dunn* and *Ms. Kerry B. DeWolfe,* for appellees.

*Mr. Michael R. Gareau* and *Mr. James M. Dubelko,* for appellant.

PATTON, C.J. This appeal is raised from the Court of Common Pleas of Cuyahoga County, in which the appellant herein, Maria Petrigalla, M.D., takes exception to the final judgment entered by the trial court, following a medical claims arbitration granting the appellees, Reba Menardi *et al.,* an award of $17,500. Finding no merit in appellant's assigned errors, we affirm the judgment of the trial court.

---

This action commenced on March 23, 1977 with the appellees' filing of a complaint in medical malpractice against the appellant and a second physician, Walter B. Wozniak. Pursuant to an agreement of the parties, Dr. Wozniak was dismissed from this action, and in accordance with Local Rule 37 of the Court of Common Pleas of Cuyahoga County, General Division ("Local R. 37") and R.C. 2711.21(E), this matter was referred, by an agreed journal entry, to binding medical malpractice arbitration.

On September 11, 1981, appellant provided the trial court with a notice of withdrawal of her consent to binding arbitration, predicated upon a claim that appellees had failed to provide appellant with the written report of the expert medical witness whom they expected to call at the arbitration hearing to testify on the issue of proximate causation, or *inter alia,* to provide the identity of said expert witness, thereby allowing appellant the opportunity to depose such witness prior to the arbitration hearing. The record reflects that appellees' expert witness with regard to the issue of proximate causation, Dr. Keith P. Smith, M.D., was deposed by appellees on October 27, 1981. Appellant's counsel was present at this deposition and actively cross-examined Dr. Smith on the issues raised regarding appellee Reba Menardi's claimed injuries.

Thereafter, on June 25, 1982, this matter proceeded to arbitration, at which time the October 27, 1981 deposition of Dr. Smith was submitted to the arbitration panel in support of appellees' position regarding the issue of proximate causation. Judgment was rendered in favor of the appellees and journalized by the trial court on July 1, 1982. It is upon that judgment and the foregoing facts and circumstances that appellant has raised this instant appeal, assigning three errors for this court's review:

"I. The trial court committed prejudicial error in failing to rule upon ap-

pellant's motion and renewed motion for sanctions, neither of which motions were [*sic*] opposed by appellees.

"II. The trial court committed prejudicial error in entering judgment upon the report and award of the arbitrators, where the arbitrators' finding on proximate cause, an essential element of appellees' claim, was not supported by any credible, competent evidence.

"III. The trial court committed prejudicial error in denying appellant her statutory right to a trial *de novo* of appellees' claim against her by entering final judgment against appellant four (4) days after the report and award of the arbitrators was filed."

Prior to reaching the merits of appellant's above-assigned errors, we initially note that appellant on July 16, 1981, as journalized on July 20, 1981, executed a journal entry of binding medical malpractice arbitration in accordance with Local R. 37 and R.C. 2711.21(E), which provided in pertinent part that:

"Date 7/16/81 BINDING MEDICAL ARBITRATION—RULE 37

"All interrogatories and answers thereto have been filed. All motions have been ruled upon. The issues are joined and the case is ready for trial. No further pleadings, motions, discovery or delays permitted. Case referred to Arbitration. Arbitration hearing will be held and concluded within ninety (90) days.

"Arbitration hearings scheduled prior to Court trials should be given priority and in case of a conflict the court hearing adjourned at time set for the arbitration. If a continuance of a hearing is agreed to by the Chairman of the Arbitration Panel upon request of an attorney for a party, the party so requesting the continuance shall have the responsibility for notifying all affected persons.

"Counsel have been advised of the contents of this entry.

"s/Jerry B. Kraig for Plaintiff

"s/Robert W. Gray

"s/Michael R. Gareau

"s/J. G. McMonagle

"JUDGE"

In addressing appellant's contentions, we therefore note that this review shall be limited to the express terms of the above agreed journal entry, as executed by the respective parties, and final judgment thereon.

I

Initially, appellant contends that the trial court committed prejudicial error in failing to rule upon appellant's motions for sanctions, filed on July 10, 1981 and September 11, 1981, in which appellant sought to prohibit the introduction of the testimony or report of appellees' medical expert witness, concerning the issue of proximate causation with regard to appellee Reba Menardi's alleged injuries. As noted above, the July 20, 1981 agreed journal entry, committing appellant to binding arbitration, expressly stated:

"* * * All motions have been ruled upon. * * * No further pleadings, motions, discovery or delays permitted. * * *

"* * *

"Counsel have been advised of the contents of this entry."

Though appellant may argue prejudice in the trial court's failure to pass upon the submitted motions for sanctions, the agreed journal entry belies appellant's position. The entry contains no qualifications or exceptions therein conditioning the validity of the journal entry upon receipt of further discovery matter. Appellant is estopped from now claiming that such a condition existed. See *Rosser* v. *Hochwalt* (1967), 12 Ohio App. 2d 129 [41 O.O.2d 196]. Accordingly, we hold appellant's first assigned error to be without merit.

II and III

It is next argued that the trial court erred in entering judgment upon the report and award of the arbitrators, when such judgment was against the manifest weight of the evidence, and that the trial court erred in denying appellant's statutory right to a trial *de novo,* by entering final judgment against the appellant, four days after the report and award of the arbitrators was filed. We find both contentions to be without merit.

"It is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrators' acts. * * *" *Campbell* v. *Automatic Die & Products Co.* (1954), 162 Ohio St. 321, 329 [55 O.O. 195]; *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, 132 [70 O.O.2d 223]; *Brennan* v. *Brennan* (1955), 164 Ohio St. 29, 35-36 [57 O.O. 71]. Arbitration is favored because its purpose is to avoid needless and expensive litigation. *Springfield* v. *Walker* (1885), 42 Ohio St. 543, 546. Hence, "[a]t common law, the courts have almost uniformly refused to vacate an arbitrator's award because of an error of law or fact. It has been held that the arbitrator is the final judge of both law and facts, and that an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable * * *, and that even a grossly erroneous decision is binding in the absence of fraud. * * *" (Citations omitted.) *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, 522 [71 O.O.2d 509].

Although appellate review of arbitration proceedings is confined to those orders a court of common pleas has issued pursuant to R.C. Chapter 2711, thereby precluding review of the substantive merits of the original arbitration award, see *Lockhart* v. *American Res. Ins. Co.*

(1981), 2 Ohio App. 3d 99, 101, in the action *sub judice,* appellant chose to avail herself to the provisions of R.C. 2711.21(E) which allows for the submission of medical malpractice claims to *binding* arbitration.

As well-established in Ohio law, "[w]here a matter is submitted to an arbitrator for [a] decision, with an agreement that the arbitrator's decision shall be binding upon all the persons involved, such persons are bound by such decision provided there is no fraud or bad faith on the part of the arbitrator and he acts according to the instructions given him." *Brennan* v. *Brennan, supra,* paragraph two of the syllabus. As the appellant chose to utilize the provisions of R.C. 2711.21(E), by voluntarily submitting to binding arbitration, she is therefore precluded from seeking further review of this matter due to her receipt of an adverse award.

In concluding that appellant's assigned errors are without merit, we note in passing that the availability of binding arbitration affords the respective parties, facing the possibility of extensive litigation, an alternative means of settling disputes in a less costly fashion. Were the arbitrator's decision subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the agreement providing for such binding arbitration, the provisions afforded under R.C. 2711.21(E) would become meaningless, and the arbitration proceeding would become merely an added proceeding and expense prior to final judicial determination. We find that such an approach would defeat the agreement made by the parties to submit to such binding arbitration, and further, would defeat the strong public policy favoring such arbitration proceedings. This result is contrary to both public policy and the clear intent of the legislators, as exemplified by the provisions of R.C. 2711.21(E). We therefore hold the trial court's judgment of July 1, 1982, which adopted the findings and award of the arbitrators, to be valid; and, accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

NAHRA and PRYATEL, JJ., concur.