STAFF et al., Appellants,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Staff v. State Farm Mut. Ins. Co.* (1993), 87 Ohio App.3d 440.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61907.

Decided May 3, 1993.

*Paul Mancino, Jr.,* for appellants.

*Joseph H. Wantz,* for appellee.

HARPER, Judge.

Plaintiffs-appellants, Joseph R. and Angela Staff, appeal from the denial of their motion to vacate an arbitration award and the granting of a motion to dismiss the underlying complaint of defendant-appellee, State Farm Mutual Automobile Insurance Co. ("State Farm"), in the Court of Common Pleas of Cuyahoga County. A careful review of appellants' assignments of error and the record compels reversal in part of the trial court's rulings.

On November 1, 1986, Mr. Staff was driving his motor vehicle on Route 84 in Mentor, Ohio. His wife was a passenger in the vehicle. The appellants' vehicle was involved in a collision with a vehicle driven by Cindy Fievet. Appellants subsequently reported the accident to their insurer, State Farm.

State Farm commenced an investigation of the accident. Its investigation first revealed, and there is no dispute, that Fievet was an uninsured motorist at the time of the accident. Second, State Farm concluded that Mr. Staff had been negligent in the operation of his vehicle and that his negligence was the sole

proximate cause of the November 1, 1986 accident. State Farm, therefore, advised the appellants that it was denying their uninsured-motorist claim as a result of this conclusion.

Appellants filed a complaint in the trial court on July 25, 1988. Therein, they set forth three claims for relief: (1) State Farm had failed and refused to honor its policy with appellants under the terms of the uninsured-motorist provision; (2) State Farm had acted in bad faith by settling Fievet's claim; and (3) " * * * in the event it is determined that Joseph Staff was careless and negligent * * * [Mrs. Staff] would have a claim against him by reason of his carelessness and negligence and for which the defendant, State Farm Insurance Co., would be required to defend."

State Farm filed its answer and subsequently filed a motion for dismissal, or summary judgment on May 1, 1989.

On November 22, 1989, the trial court entered a stay of all proceedings. The parties were ordered to proceed to uninsured-motorist arbitration in accordance with the terms of State Farm's insurance policy with appellants.

A majority of the arbitrators found that Fievet had not been negligent. They, therefore, ruled in favor of State Farm.

Appellants responded on January 14, 1991 by filing objections and exceptions to the report and award of the arbitrators. State Farm, on the other hand, filed an application to confirm the report and award of the arbitrators and a reply to plaintiff's objections and exceptions.

The trial court confirmed the arbitrators' report and award on May 6, 1991, by granting State Farm's application. The trial court then dismissed the underlying complaint pursuant to State Farm's motion and denied appellants' motion to vacate the award.

This appeal followed, with appellants raising the following errors for review:

"1. The court committed prejudicial error in confirming the award of the arbitrators as the plaintiff had shown grounds for vacated [sic] the arbitration award.

"2. The court committed prejudicial error in dismissing the claim of Angela Staff against Joseph Staff.

"3. The court committed prejudicial error in dismissing the bad faith claim of the plaintiffs.

"4. The court committed prejudicial error in referring this matter to arbitration as it had been [sic] a waiver of the right to arbitrate the uninsured motorist claim."

The three members of the arbitration panel were Edward Galaska, who had been selected by appellants; John Neville, who had been selected by State Farm; and Clark Weaver, who had been jointly selected by Galaska and Neville. The majority, Neville and Weaver, rendered a decision in favor of State Farm, *i.e.*, that Fievet was not negligent when her vehicle collided with the appellant's vehicle on November 1, 1986.

Appellants sought vacation of the arbitration award based on conflict of interest. They argued in the trial court and now argue on appeal in their first assignment of error that there was an "improper relationship" between the arbitrator Weaver and an attorney, Henry Hentemann, who was a member of the law firm representing State Farm in this matter, Meyers, Hentemann, Schneider & Rea Co., L.P.A.

The "improper relationship" stemmed from Hentemann's having signed a campaign endorsement letter for Weaver, who was running for a seat on the Court of Common Pleas of Cuyahoga County. Appellants submit that this undisclosed relationship between State Farm's attorney of record, Hentemann, and Weaver "violated not only due process of law but also the statutory provisions concerning qualification of arbitrators."

Arbitration is favored by the law, *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 84, 22 OBR 95, 98, 488 N.E.2d 872, 875, and an arbitration award is presumptively valid, *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186, paragraph one of the syllabus. Therefore,

" ' * * * [i]t has been held that the arbitrator is the final judge of both law and facts, and that an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable * * *, and that even a grossly erroneous decision is binding in the absence of fraud. * * * ' (Citations omitted.) *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 522 [71 O.O.2d 509, 512, 330 N.E.2d 703, 707]." *Menardi v. Petrigalla* (1983), 11 Ohio App.3d 9, 11, 11 OBR 21, 23, 462 N.E.2d 1246, 1249.

R.C. 2711.10 delineates the circumstances which allow the trial court to vacate an arbitration award. This statute provides in part as follows:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them."

" 'Only relationships from which one could reasonably infer bias, not those which are "peripheral, superficial or insignificant" will require vacating the award.' " *Gerl Constr. Co. v. Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App.3d 59, 63, 24 OBR 113, 117, 493 N.E.2d 270, 275, quoting *R.E. Bean Constr. Co. v. Middlebury Assoc.* (1980), 139 Vt. 200, 207, 428 A.2d 306, 310. The instant case deals with an alleged direct relationship between an arbitrator and a member of the law firm that represented a party. It does not involve an alleged direct relationship between an arbitrator and a party as in *Close v. Motorists Mut. Ins. Co.* (1985), 21 Ohio App.3d 228, 21 OBR 244, 486 N.E.2d 1275, a case cited by appellants.

In *Gerl Constr. Co.*, 24 Ohio App.3d at 63, 24 OBR at 116, 493 N.E.2d at 275, the court quoted from *Freeport Constr. Co. v. Star Forge, Inc.* (1978), 61 Ill.App.3d 999, 1003–1004, 19 Ill.Dec. 57, 61, 378 N.E.2d 558, 562, in stating:

" 'While the case law indicates that an undisclosed relationship between an arbitrator and a nonparty may also "be sufficient to create an impression of bias" * * *, it is obvious that the nexus between the nonparty and the arbitration must be substantial in order to reasonably create such an impression. In the final analysis, these matters must be decided on a case-by-case basis depending on the facts.' " (Citations omitted.) See, also, *Furtado v. Hearthstone Condominium Assn.* (May 19, 1987), Franklin App. No. 86AP–1003, 1987 WL 11606.

In *Furtado,* one of the arbitrators rented office space from one arbitration party's counsel. This relationship included the sharing of a receptionist and limited referrals of legal work to the arbitrator. The two individuals also enjoyed a limited personal relationship. The court found there was no evidence which showed bias on behalf of the arbitrator because:

"The mere imaginative appearance or suspicion of partiality is insufficient to establish under R.C. 2711.10(B) that there was 'evident partiality' on the part of the arbitrator. The phrase 'evident partiality' connotes more than a mere suspicion or appearance of partiality. See, *e.g., Merit Ins. Co. v. Leatherby Ins. Co.* (C.A.7, 1983), 714 F.2d 673, 681–682; *International Produce, Inc. v. A/S Rosshavet* (C.A.2 1981), 638 F.2d 548, 551. As the trial court's entry indicates, considering the circumstances of this case, plaintiff has failed to carry her burden of proof that the arbitrator was biased and has not shown substantially 'any reason for vacating the award,' pursuant to R.C. 2711.10 or 2711.11." *Id.* at 2.

In the present case, this court, in reviewing the record, finds that appellants have not carried their burden of proof that the arbitrator Weaver was biased and, therefore, have not substantially demonstrated any basis for vacating the award pursuant to R.C. 2711.10 for bias. That attorney Hentemann signed an endorsement letter for Weaver's judicial campaign, a letter which praised Weaver's integrity, does not show "evident partiality" on Weaver's part. The trial court

thus properly denied appellants' motion to vacate the award, which was based on the position that the arbitrator Weaver was a biased participant in the proceedings. *Furtado, supra.*

Appellants' first assignment of error is accordingly overruled.

Appellants propose in their second assignment of error that the trial court erred in dismissing Mrs. Staff's third claim for relief. This claim reads:

"17. Plaintiff, Angela Staff, and for her claim for relief against Joseph Staff, and [*sic*] states that she was a passenger in a motor vehicle being driven by Joseph ·Staff on November 1, 1986 when the vehicle was involved in a collision with another vehicle being driven by Cindy Fievet who made a left hand turn.

"18. *Plaintiff states that the defendant, State Farm Automobile Insurance Co., has claimed that the injury was caused through the carelessness and negligence of Joseph Staff in the operation of the vehicle.*

"19. Plaintiff states that in the event it is determined that Joseph Staff was careless and negligent in these circumstances that she would have a claim against him by reason of his carelessness and negligence and for which the defendant, State Farm Insurance Co., would be required to defend.

"20. Plaintiff, Angela Staff, states that she suffered injuries to her person as a result of the collision for which she is entitled to damages.

" * * * Plaintiff, Angela Staff, prays for judgment against Joseph Staff in the event he is found to be negligent and which claim is to be paid by State Farm Mutual Insurance Co. in the sum of Two Hundred Thousand Dollars ($200,000.00) and the costs of this action." (Emphasis added.)

In its motion to dismiss, State Farm submitted four arguments with regard to Mrs. Staff's third claim. First, it contended that the claim failed to state a claim upon which relief could be granted. This contention was based on Mrs. Staff's statement that State Farm, and not herself, alleged that Mr. Staff had been negligent in operating the vehicle. State Farm argued, therefore, that since Mrs. Staff did not personally allege negligence, there was no claim to defend at that time. Second, State Farm asserted that it had no duty to defend Mr. Staff until Mrs. Staff successfully obtained a judgment against him, and then directed a claim against State Farm by way of a supplemental complaint. Third, State Farm denied that it owed any coverage to Mrs. Staff for injuries caused by the negligence of Mr. Staff. This position is premised on the portion of the insurance policy which provides:

"THERE IS NO COVERAGE:

" * * *

"2. For any type bodily injury to:

"  *   *   *

"c. ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD."

Finally, State Farm submitted that since the vehicle being driven by Mr. Staff at the time of the accident was insured under the liability provisions of its policy with appellants, Mrs. Staff was not entitled to recover under the uninsured-motorist portion of the policy. State Farm once again cited its policy of insurance with appellants to support this position:

"An uninsured motor vehicle does not include a land motor vehicle:

"1. Insured under the liability coverage of this policy[.]"

■ This court is careful to point out that appellants do not challenge the denial of coverage based on the latter two arguments presented to the trial court by State Farm in its motion to dismiss, *i.e.*, that because Mrs. Staff was a household member of Mr. Staff's family and the vehicle driven by Mr. Staff was an insured vehicle under the policy, Mrs. Staff could not recover under the uninsured-motorists portion of that policy. However, a review of the record and applicable case law compels us to conclude that the trial court erred in dismissing appellants' underlying complaint *in toto*.

R.C. 3937.18 sets forth the requirements for the provision of uninsured- and underinsured-motorist coverage. Section (A)(1) of the statute provides:

"Uninsured motorist coverage * * * shall provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom."

A motor vehicle is "uninsured" if the liability insurer denies coverage. R.C. 3937.18(D).

The trial court was presented with the issue of whether an insurance policy can contractually define an uninsured motor vehicle to exclude individuals intended to be protected by R.C. 3937.18(D). The trial court's denial of appellants' entire complaint excluded Mrs. Staff from coverage for which she was entitled under the statute.

The appellants' first claim for relief set forth:

"7. Plaintiffs * * * stated that once it was determined Cindy Fievet had no liability insurance they proceeded to process a claim for uninsured motorist coverage under their insurance policy; that despite repeated requests made of the defendant the defendant has failed and refused to process their claim.

"8. Plaintiffs state that they were both injured as a result of the collision and received injuries to their person and are entitled to recover under the terms of the uninsured motorists policy.

"9. Plaintiffs state that the defendant has failed and refused to honor the policy and pay any money under the terms of the policy in order to process their claim although demands have been made upon it."

The case of *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, provided the framework by which the trial court would have interpreted R.C. 3937.18 at the time that the present case was before it. The facts here mimic the facts in *Dairyland.* First, the husband was driving a motor vehicle in which his wife was a passenger and the wife sustained injuries as a result of her husband's negligence. Second, the automobile was covered by an insurance policy that contained an intrafamilial exclusion which prevented the wife from recovering for her injuries. Third, under the uninsured-motorist portion of the insurance policy, the automobile was excluded from the definition of an uninsured vehicle. The court held in *Dairyland:*

"The vehicle in which appellant sustained her injuries carried liability insurance protection, and accordingly, we are unable to conclude that the subject exclusion contravenes the purpose or intent of the General Assembly when promulgating R.C. 3937.18, or the public policy associated with the statute." *Id.* at 364–365, 513 N.E.2d at 1329.

The Supreme Court of Ohio, in January 1992, overruled the reasoning of the *Dairyland* court and found that the statute mandates a minimal amount of uninsured motorist coverage. In *State Farm Auto Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 400, 583 N.E.2d 309, 312, the general intent of R.C. 3937.18 was thus stated to be:

"to provide uninsured and underinsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor but who are uncompensated because the tortfeasor is either (1) not covered by liability insurance or (2) covered in an amount that is less than the insured's uninsured motorist coverage."

Moreover,

"An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons insured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law." *Id.* at the syllabus.

In the present case, State Farm, in the trial court, was successful in contractually excluding "coverage for torts that occur in the insured's vehicle." *State Farm,* at 400, 583 N.E.2d at 312. This exclusion, however, deviates from the

requirements of the statute and is not enforceable. Mrs. Staff has a recognizable tort claim against her husband and State Farm can not avoid the requirements of R.C. 3937.18 by declaring that Mrs. Staff is not entitled to uninsured-motorists coverage. See *Worldwide Ins. Group v. Duchak* (Apr. 30, 1992), Cuyahoga App. No. 60565, unreported, 1992 WL 90731.

In addition, the court in *State Farm* stated:

"State Farm's household exclusion ignores the statute's basic premise, to wit: the tortfeasor's legal liability to the insured. The State Farm policy eliminates uninsured and underinsured motorist coverage based solely on the fact that the tortfeasor is driving the insured's automobile. By excluding coverage for torts that occur in the insured's vehicle, State Farm seeks to escape from part of the uninsured motorist coverage that R.C. 3937.18 requires it to provide.

"In essence State Farm's exclusion is an attempt to change Ohio's tort law, by contractual definition, in order to circumvent its duty to provide uninsured and underinsured motorist coverage pursuant to R.C. 3937.18. This it cannot do. Accordingly, State Farm's exclusion is unenforceable because it conflicts with R.C. 3937.18." *State Farm,* 62 Ohio St.3d at 400, 583 N.E.2d at 312.

In the instant case, State Farm's insurance policy also eliminates uninsured-motorist coverage based solely on the fact that the tortfeasor was driving a vehicle which was insured under the policy. The policy, therefore, excludes coverage for torts which occur in the insured's vehicle and allows State Farm to further avoid the requirements of R.C. 3937.18. Here, as in *State Farm,* the insurance company's exclusion based on the definition of an uninsured vehicle is unenforceable because it conflicts with R.C. 3937.18. See *Lawrence v. Safeco Ins. Co.* (Apr. 16, 1989), Cuyahoga App. No. 60439, unreported.

█ The question this court must decide is whether the appellants' complaint should have been dismissed for failure to state a claim pursuant to Civ.R. 12(B)(6). In *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144–145, 573 N.E.2d 1063, 1064–1065, the court repeated the appropriate standard in reviewing such a dismissal.

"In *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, this court set forth the standard for granting a motion to dismiss pursuant to Civ.R. 12(B)(6). Specifically, we held that in order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear ' "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' * * * In the recent case of *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, we elaborated upon this standard, noting that '[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must

presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.' * * *

"This standard for granting a motion to dismiss is in accord with the notice pleading regimen set up by the Federal Rules of Civil Procedure and incorporated into the Ohio Rules of Civil Procedure. * * * Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." (Citations omitted.)

Based upon a review of the evidence and of the complaint, and making all reasonable inferences in favor of Mrs. Staff, State Farm's interpretation of Mrs. Staff's third claim for relief is too narrow. State Farm, under R.C. 3937.18, is required to provide uninsured motorist coverage to Mrs. Staff *conditioned upon her obtaining a judgment against the tortfeasor, Mrs. Staff.* *Karam v. Allstate Ins. Co.* (1982), 70 Ohio St.2d 227, 234, 24 O.O.3d 327, 331, 436 N.E.2d 1014, 1019, overruled on other grounds; *D.H. Overmeyer Telecasting Co. v. Am. Home Assurance Co.* (1986), 29 Ohio App.3d 31, 33, 29 OBR 32, 34, 502 N.E.2d 694, 696; *Lawreszuk v. Nationwide Ins. Co.* (1977), 59 Ohio App.2d 111, 113–114, 13 O.O.3d 165, 166–167, 392 N.E.2d 1094, 1096; see, also, R.C. 3929.05 and 3929.06. The sole exception to this requirement occurs upon the death of the tortfeasor. *Karam,* 70 Ohio St.2d at 234–235, 24 O.O.3d at 331–332, 436 N.E.2d at 1019, citing *Heuser v. Crum* (1972), 31 Ohio St.2d 90, 60 O.O.2d 56, 285 N.E.2d 340, paragraph two of the syllabus. Mrs. Staff, therefore, failed to allege a proper claim against State Farm in the third count of the complaint since she is not entitled to the exception.

■ Appellants also maintain in their third assignment of error that the trial court erred in also dismissing the second claim for relief, which sets forth the following:

"13. Plaintiffs state that as a result of an action brought in the Court of Common Pleas of Lake County by Cindy Fievet the matter was turned over to the insurance company and the insurance company thereafter hired attorneys of its own choice to represent the interests of the plaintiffs.

"14. Plaintiffs state that the defendant breached its duty of good faith and its fiduciary duty in this case and proceeded to settle the claim which prejudiced the rights of the plaintiffs to proceed on any uninsured motorist claim that they might have.

"15. Plaintiffs state that they received personal injuries to their person and by reason of the actions of the defendant they have been prejudiced and their claims have been jeopardized by reason of the actions of the defendant insurance

company in violation of its duties of good faith and its fiduciary duties owed to the plaintiffs."

Contrary to appellants' suggestion that the settlement reached between State Farm and Fievet prejudiced appellants' rights under the uninsured-motorist provision, appellants filed a complaint against State Farm. This court has concluded above that State Farm violated R.C. 3937.18 by excluding Mrs. Staff from coverage by the intrafamilial and definitional portions of the insurance policy. Appellants were thereby not prejudiced by the settlement, and under these circumstances, the trial court properly concluded that appellants could prove no set of facts which would entitle them to relief under count two of their complaint.

In conclusion, appellants' second assignment of error is sustained with regard to the trial court's dismissal of Mr. Staff and their third assignment of error is overruled.

█ Appellants next advance in their fourth assignment of error that the trial court erred in referring the issue of whether Fievet or Mr. Staff had been negligent in the operation of their motor vehicles on November 1, 1986 to arbitration. Specifically, appellants suggest that there was a dispute as to which insurance policy was in force at the time of the accident and that State Farm waived its right to send the dispute to arbitration.

Appellants attached an insurance policy to their "Brief in Opposition To Leave To File Motion For Summary Judgment and For Summary Judgment," which provides in relevant part:

"PART C—UNINSURED MOTORISTS COVERAGE

" * * *

"ARBITRATION   If we and a covered person do not agree:

"1. Whether that person is legally entitled to recover damages under this Part; or

"2. As to the amount of damages;

"either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. * * * "

State Farm offered an insurance policy, attached to its motion for dismissal or summary judgment, which differed slightly from that of appellants:

"SECTION III—UNINSURED MOTOR VEHICLE—COVERAGE U

" * * *

"Deciding Fault and Amount

"Two questions must be decided by agreement between the insured and us:

"1. Is the *insured* legally entitled to collect damages from the owner or driver of an *uninsured motor vehicle;* and

"2. If so, in what amount?

"If there is no agreement, these questions shall be decided by arbitration under the rules of the American Arbitration Association, unless the *insured* or we object. * * * " (Emphasis *sic.*)

Regardless of whether the trial court referred to appellants' insurance policy or that of State Farm, the result remains the same. Each insurance policy provides for the arbitration of disputes with regard to the propriety of uninsured motorist coverage. Therefore, the trial court did not err in referring the issue to an arbitration panel.

Appellants' contention that State Farm waived its right to arbitration is without merit. Although there is evidence in the record that appellants submitted their claim to State Farm, there is no evidence that appellants ever requested arbitration before the trial court stayed the proceedings and ordered the parties to arbitration.

In addition, a party is precluded from asserting that an arbitration clause was improperly enforced when the party complains only after the arbitration result. *Parks v. Cleveland* (1931), 124 Ohio St. 79, 177 N.E. 28; *Dressler v. Kiewit Sons' Co.* (1957), 102 Ohio App. 503, 3 O.O.2d 48, 144 N.E.2d 269.

Accordingly, appellants' fourth assignment of error is overruled.

Judgment affirmed in part and reversed in part; cause remanded for proceedings to be consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

NAHRA P.J., and SPELLACY J., concur.

SPELLACY, Judge, concurring.

I concur.

On remand, Angela Staff's claim against Joseph Staff, as found in count three of the complaint, is the only remaining claim. State Farm is no longer a party.

NAHRA, P.J., concurs in the foregoing concurring opinion.