ROSSER, APPELLEE, *v.* HOCHWALT, APPELLANT.

[Cite as Rosser v. Hochwalt, 12 Ohio App. 2d 129.]

(No. 3147—Decided July 6, 1967.)

*Messrs. Pickrel, Schaeffer & Eberling* and *Mr. Gordon H. Savage,* for appellee.

*Mr. Roy H. Horn,* for appellant.

CRAWFORD, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas which upheld the award of an arbitrator in favor of the plaintiff, appellee herein, and which overruled objections of the defendant, appellant herein, to confirmation of the arbitration award.

There is no bill of exceptions and no record of the evidence taken before the arbitrator. However, from the pleadings we learn that the parties are agreed upon certain facts: On February 2, 1966, plaintiff architect and defendant owner signed a written agreement on the standard form of The American Institute of Architects with certain blanks filled in, by the architect, owner claims; according to the agreement, plaintiff architect was to draw plans and render related services in the construction of a residence for the defendant owner and was to be paid on a specified basis; the architect did certain work and was paid a substantial amount; the contract was never fully performed and the residence was not erected, the reasons for which are in dispute; the written contract contains an arbitration clause; when a dispute arose the architect made demand upon the owner for arbitration; the owner made answer and counterclaim, and the architect responded by answer.

The arbitration clause of the contract reads as follows:

"12 Arbitration.—All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party, in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects."

The scope of that arbitration clause is not limited but unlimited so far as the agreement is concerned. See *Murtaugh* v. *American States Ins. Co.* (1963), 91 Ohio Law Abs. 267.

Defendant's principal contention appears to be that the contract never went into effect and that, consequently, the arbitration clause therein never became effective because of an oral condition precedent to the existence of the contract. That condition, he contends, was that the proposed residence should not cost more than $75,000 to build. He reasons that the arbitration clause contained in the contract pertains only to a "dispute under this agreement," which agreement never came into being.

Without having the benefit of the evidence, the court can

not determine whether such a condition did or did not exist, nor whether if it did exist it was or was not complied with.

Such "condition," if agreed upon, that the cost of the residence should be limited to a certain figure, would be in the nature of a condition or provision of the contract or agreement itself, engrafted upon it by parole, and not a condition precedent to the existence of the contract. The distinction between these two kinds of conditions is clear. See: 11 Ohio Jurisprudence 2d 436, Contracts, Section 186, "Conditions Precedent"; 3 Williston on Contracts, Revised Ed., 1911, Section 166, "What it is which conditions qualify."

In the case of *Caldwell* v. *United Presbyterian Church* (1961), 88 Ohio Law Abs. 323, the Common Pleas Court treated an oral cost limitation such as this as a part of the written contract.

That such was the significance in this case of any such agreement, if one was made, and that it was not actually a condition precedent to the existence of the contract, is attested by the fact that defendant made a substantial payment to the plaintiff.

The contract or agreement being in existence, its arbitration clause applies to all questions in dispute arising under it. If the alleged limitation-of-cost provision was part of the agreement, any questions in dispute regarding it were subject to arbitration.

Defendant could not actually be compelled to arbitrate except by order of the court. Section 2711.03, Revised Code. By submitting his answer and counterclaim to the arbitrator, he voluntarily submitted to the arbitration, thus acknowledging that the controversy is subject to the arbitration clause. He is thereby estopped to deny the authority of the arbitrator, after suffering an adverse award. *Brennan* v. *Brennan*, (1955), 164 Ohio St. 29; *Campbell* v. *Automatic Die & Products Co.* (1954), 162 Ohio St. 321; *Parks, Taxpayer,* v. *Cleveland Ry. Co.* (1931), 124 Ohio St. 79.

Various objections are made to the award itself, the merit of which the court can not determine without access to the evidence. The court has to presume, therefore, that the arbitrator acted regularly and upon proper evidence.

It is objected, for example, that the arbitrator based one

item of his award "on low bid submitted," whereas the agreement required that it be based upon actual building cost. However, Item 5 of the agreement provides a schedule of payment wherein certain installments may be based upon low bid. As already stated, the contract was never fully performed. In the absence of evidence, the court could not say that the calculation was improperly based.

A further objection was made to an award "for extra services." Defendant says there could be no extra or special services unless the plans were accepted and there was actual construction made or in progress. We do not find such a provision in the contract.

Defendant contends that plaintiff pleaded certain facts in another case pending in the Court of Common Pleas, which have an important bearing upon this case, and asks that judicial notice thereof be taken.

The Court of Common Pleas will not take judicial notice of the details of another case pending therein, such as that referred to. See 21 Ohio Jurisprudence 2d 73, Evidence, Section 60ff. Much less may a reviewing court look outside the record in the case before it to consider another case pending in the trial court.

The present appeal, taken from the judgment of the Court of Common Pleas, is made available by Section 2711.15, Revised Code. Our consideration is limited to the judgment and proceedings in that court and what it did with respect to the award.

No error prejudicial to the rights of the defendant appearing in the record, the judgment of the Court of Common Pleas will be affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.