SPARKS, d.b.a. Don Sparks Construction, Appellant,

v.

BARNETT et al., Appellees.

[Cite as *Sparks v. Barnett* (1992), 78 Ohio App.3d 448.]

Court of Appeals of Ohio,
Huron County.

No. H–90–53.

Decided Feb. 28, 1992.

*K. Alec Thornton,* for appellant.

*Michael R. Fegen,* for appellees.

*Per Curiam.*

This case is an appeal from the judgment of the Huron County Court of Common Pleas.

In June 1988, appellees, Carol Barnett and Dennis P. Conry, entered into a contract with appellant Don Sparks, d.b.a. Don Sparks Construction Company, for remodeling work to their home.

A dispute between the parties arose, and Sparks filed a complaint against Barnett and Conry in the Huron County Court of Common Pleas. Barnett and Conry filed a counterclaim.

Upon agreement of the parties, the trial court ordered the matter to binding arbitration. On October 10, 1990, the arbitration panel filed its decision denying any award to either party. On October 19, 1990, the trial court entered judgment confirming the arbitration award.

It is from such judgment that Sparks raises the following sole assignment of error:

"The judgment rendered by the arbitration panel is grossly in error as it is not supported by the manifest weight of the evidence."

A court's ability to review an arbitration award is statutorily restricted under R.C. Chapter 2711, and "it is narrow and it is limited." *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173–174, 18 OBR 225, 227, 480 N.E.2d 456, 459. As the Supreme Court of Ohio further stated:

"[A]n appeal may be taken 'from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from a judgment entered upon an award.' But the review is confined to the order. The original arbitration proceedings are not reviewable." *Id.*, quoting *Lockhart v. American Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 101, 2 OBR 112, 114, 440 N.E.2d 1210, 1213.

Further, in *Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 224, 16 OBR 238, 239, 475 N.E.2d 181, 184, the court addressed the issue of whether a manifest weight argument as to an arbitration award could be raised on appeal:

"R.C. 2711.10 and 2711.11 describe the circumstances under which the common pleas court may vacate (R.C. 2711.10) or modify (R.C. 2711.11) an arbitration award. Such award may not be modified or vacated based on the merits of the dispute unless there is evidence of fraud, corruption, or material mistake. See, also, *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516 [71 O.O.2d 509, 330 N.E.2d 703], certiorari denied (1975), 423 U.S. 986 [96 S.Ct. 393, 46 L.Ed.2d 303]. On appellate review, this court is confined to an evaluation of the order issued by the court of common pleas pursuant to R.C. Chapter 2711; we also may not pass upon the substantive merits of the arbitration award absent evidence of material mistake or extensive impropriety. See *Lockhart v. American Res. Co.* (1981), 2 Ohio App.3d 99 [2 OBR 112, 440 N.E.2d 1210].

"Appellant's assignment of error would have us evaluate the arbitration award below in terms of the weight of the evidence. No misconduct, undue influence, corruption, material miscalculation, or other form of impropriety is alleged. Clearly, based on the authorities cited above, this court has no power to grant the relief requested by appellant in his assignment of error."

In the present case, Sparks argues that the arbitration award is not supported by the manifest weight of the evidence. Specifically, Sparks alleges that Barnett's and Conry's testimony before the arbitration panel was inconsistent, contradictory and unsupported by other evidence. This court finds that such allegations are not evidence of misconduct, undue influence, corruption, material miscalculation, or other impropriety. Such allegations go to the merits of the arbitration award and will not be addressed by this court on appeal. Accordingly, Sparks' sole assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed.

*Judgment affirmed.*

GLASSER, MELVIN L. RESNICK and SHERCK, JJ., concur.