BELOVICH, Appellant,

v.

SAGHAFI, Appellee.

[Cite as *Belovich v. Saghafi* (1995), 104 Ohio App.3d 438.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68126.

Decided June 12, 1995.

*Robert F. Belovich, pro se.*

*Sindell, Lowe & Guidubaldi* and *Claudia R. Eklund,* for appellee.

*Per Curiam.*

Plaintiff-appellant, Robert Belovich, is appealing from the judgment of the Parma Municipal Court granting summary judgment in favor of defendant-appellee, Mehdi Saghafi. For the following reasons, we reverse and remand.

Saghafi retained Belovich to represent Saghafi in a legal matter. The contingency fee agreement between the parties stated:

"I Mehdi Saghafi, M.D. hereby agree to retain Mr. Robert [F.] Belovich, Sr. and Mr. Robert Belovich, Jr., L.P.A. to represent me as my attorneys in the case of *Mehdi Saghafi, M.D. v. [Airadio] Corporation,* and all other related radio shops or manufacturers in the U.S.A. It is agreed that the attorney's fee is 33% of all the amount recovered * * *."

The fee agreement also provided that undue delay by the attorney entitled Saghafi to terminate the contract with no fees owed to Belovich. Subsequently, Saghafi terminated Robert F. Belovich's employment, allegedly for undue delay.

Saghafi retained new counsel to represent him in the continuing litigation against Airadio Corporation. A jury awarded $45,000 to Saghafi and against Airadio Corporation. However, the amended complaint, allegedly filed by Belovich, did not contain a prayer for money damages and was not amended by subsequent counsel. Former Civ.R. 54(C) required the complaint to be amended to include a demand, at least seven days before trial, or the plaintiff could recover nothing. The trial court granted a motion for judgment notwithstanding the verdict by Airadio Corporation, and entered judgment for zero dollars in favor of Saghafi.

Saghafi sued the subsequent counsel for malpractice. The subsequent counsel paid Saghafi $45,000 in settlement of the malpractice claim.

Robert F. Belovich brought the present suit for recovery of the *quantum meruit* value of his services and expenses incurred during his representation of Saghafi.

Appellant's sole assignment of error states:

"The trial court erred in granting defendant's motion for summary judgment."

An attorney who is discharged by a client, with or without just cause, is entitled to recover the reasonable value of services rendered the client prior to discharge on the basis of *quantum meruit*. *Fox & Assoc. Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 541 N.E.2d 448, syllabus. Further, "when an attorney representing a client pursuant to a contingent-fee agreement is discharged, the attorney's cause of action for a fee recovery on the basis of *quantum meruit* arises upon the successful occurrence of the contingency. Under this approach, in most situations the discharged attorney is not compensated if the client recovers nothing." *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry* (1994), 68 Ohio St.3d 570, 575, 629 N.E.2d 431, 435. The trial court's journal entry stated that the contingency in the parties' fee agreement did not occur because the verdict in *Saghafi v. Airadio Corp.* was zero. We believe the contingency did occur because appellee, eventually, and in effect, recovered for his claims in *Saghafi v. Airadio Corp.* The fact that obtaining a monetary judgment on appellee's claims required an additional action does not change the fact that appellee recovered.

Arguably, the contingency did not occur because appellee technically recovered for malpractice and not for his contract and tort claims against Airadio Corporation. Even if this contention is true, *Reid*, as noted, states: "Under this approach, *in most situations* the discharged attorney is not compensated if the client recovers nothing." (Emphasis added.) *Reid*, 68 Ohio St.3d at 575, 629 N.E.2d at 436. Thus, the Ohio Supreme Court recognized that unusual situations may arise which require exceptions to the rule.

In the present situation, appellant's services contributed to the jury verdict against Airadio Corporation, upon which the verdict in the malpractice action was based. Appellant's services contributed to the recovery in the malpractice action and appellee was unjustly enriched thereby.

In addition, the rationale behind the *Reid* requirement that the contingency must occur is as follows:

" * * * First, the amount involved and the result obtained, two significant considerations in deciding whether an attorney fee is reasonable, cannot be determined until the contingency occurs. Second, a client of limited means, for whom the contingent-fee agreement is the only real hope of recovering an award, would be improperly burdened by an absolute obligation to pay his or her former attorney if no award is ever won.* * *" *Reid, supra,* 68 Ohio St.3d at 575, 629 N.E.2d at 436.

In this case, the amount involved and the result obtained were known. Appellee is not burdened by an obligation to pay appellant, because appellee eventually won. Thus, the rationale of *Reid* is not applicable to this case. Summary judgment was not proper because appellant can recover for unjust enrichment despite the zero verdict against Airadio Corporation.

Appellee advanced two other reasons in support of his motion for summary judgment. Both of these reasons lack merit. Appellant refiled his complaint within the fifteen-year statute of limitations for contract actions. See R.C. 2305.06. There are genuine issues of fact concerning whether appellant breached the fee agreement by undue delay. The trial court should have denied appellee's motion for summary judgment.

Accordingly, appellant's assignment of error is sustained.

The decision of the trial court is reversed and this cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

DYKE and NAHRA, JJ., concur.

MATIA, P.J., dissents.

DAVID T. MATIA, P.J., dissenting.

I believe that the trial court properly granted summary judgment in favor of Mehdi Saghafi, defendant-appellee. Accordingly, I respectfully dissent from the majority opinion of this court.

In *Fox & Assoc. Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 541 N.E.2d 448, syllabus, the Ohio Supreme Court held:

"When an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered the client prior to discharge on the basis of *quantum meruit.*" (Citations omitted.)

In *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry* (1994), 68 Ohio St.3d 570, 629 N.E.2d 431, paragraph two of the syllabus, the Ohio Supreme Court, in dealing with *quantum meruit* recovery, held: "When an attorney representing a client pursuant to a contingency-fee agreement is discharged, the attorney's cause of action for a fee recovery on the basis of *quantum meruit* arises upon the *successful occurrence* of the contingency." (Emphasis added.) The Supreme Court, in reaching this conclusion, reasoned: "Under this approach, in most situations the discharged attorney is not compensated if the client recovers nothing." *Reid,* 68 Ohio St.3d at 575, 629 N.E.2d at 436.

Here, a review of Belovich's complaint, as well as Saghafi's motion for summary judgment and the journal entry of the trial court, demonstrates that Belovich was attempting to recover fees and expenses incurred in the case of *Saghafi v. Airadio Corp.* for which Saghafi's recovery was zero. Pursuant to the Ohio Supreme Court's ruling in *Reid, supra,* Belovich's cause of action for fees and expenses on the basis of *quantum meruit* depends upon the successful occurrence of the underlying contingency, specifically a monetary recovery greater than zero. Since the underlying contingency failed to occur, Belovich is not entitled to reimbursement of expenses and payment of fees from Saghafi out of the proceeds from a different lawsuit arising out of separate claim for legal malpractice. The trial court correctly granted Saghafi's summary judgment motion, as no genuine issue of material fact existed and Saghafi was entitled to judgment as a matter of law.

Accordingly, I would overrule Belovich's sole assignment of error and affirm the judgment of the trial court.