**E.S. GALLON CO., L.P.A., Appellee,**

v.

**DEUTSCH, Appellant.**

[Cite as *E.S. Gallon Co., L.P.A. v. Deutsch* (2001), 142 Ohio App.3d 137.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18358.

Decided April 6, 2001.

138

*Bieser, Greer & Landis, L.L.P.,* and *David C. Greer,* for appellee.

*William H. Blessing,* for appellant.

WALTERS, Presiding Judge.

This appeal is brought by appellant, David M. Deutsch, from a judgment of the Court of Common Pleas of Montgomery County confirming an arbitration award in favor of the law firm E.S. Gallon Co., L.P.A., appellee ("Gallon"), in the amount of approximately $600,000. Finding none of appellant's arguments meritorious, we affirm the trial court's judgment.

Although he had been working for the firm and participating as a shareholder for several years beforehand, appellant, an attorney at law who specializes in personal injury cases, entered into an employment agreement with Gallon in November 1990. The agreement stated, in part, that all legal work performed by appellant would be for the sole and exclusive benefit of Gallon. The agreement also contained an arbitration clause, stating that "[a]ny controversy arising from, or related to this Agreement, shall be determined by arbitration in accordance with the rules of the American Arbitration Association, and the judgment upon any such determination or award may be entered in any court [having] jurisdiction."

Approximately five years later, appellant left appellee's employ. As a result, the parties entered into a "Reservation of Rights Agreement," which stated, among other things, the manner in which appellant was to communicate his departure to clients with pending cases, and inform them of their choice either to remain with Gallon or maintain a professional relationship with appellant after his separation from the firm. The "Reservation of Rights Agreement" did not contain an arbitration clause.

The parties apparently attempted to sever their financial ties for a substantial period of time after appellant's departure from the firm. These efforts were to no avail; thus, in August 1997, Gallon instituted arbitration proceedings claiming, *inter alia,* that it was entitled to a *quantum meruit* share of contingency fees collected from the nearly three hundred eighty-five clients who decided to maintain a professional relationship with appellant after his departure. Appellee also requested an award for advanced fees on these same clients. Appellant evidently answered the complaint and asserted a counterclaim for constructive termination; the case eventually came on for hearing before an arbitrator in November 1999.

On January 4, 2000, the arbitrator issued a net award in favor of Gallon for $925,391.60. This amount represented a *quantum meruit* share of the aforementioned fees, advanced reimbursable expenses, and interest thereon.

On January 18, 2000, Gallon filed an application in the trial court for an order confirming the award pursuant to R.C. 2711.09. The trial court issued an entry confirming the award on January 26, 2000. Appellant then filed a motion on February 14, 2000, requesting the court to vacate the award based upon the allegation that the order of confirmation was erroneously issued without a hearing.

In the meantime, the judge who issued the confirmation order recused herself from the case. Upon appointment, the substitute judge ordered the parties to brief the question of whether the circumstances warranted vacation of the arbitration award, stating that appellant must specify all grounds in support of his request. Appellant then filed a brief on April 28, 2000, asserting a variety of reasons for vacation of the award. Gallon responded by filing a brief in opposition. After considering the issues presented, the trial court denied appellant's motion and confirmed the arbitration award; the decision was journalized in an entry dated June 1, 2000.

This appeal followed wherein appellant sets forth five assignments of error for our review. For the sake of brevity, we have elected to address the first two assignments of error simultaneously.

### Assignment of Error I

"The court below erred in concluding that whenever parties sign an agreement to arbitrate, all decisions on arbitrability are to be decided by the arbitrator."

### Assignment of Error II

"The court below erred in affirming the arbitrator's conclusion that Gallon's claim for legal fees is arbitrable."

█ In these assignments of error, appellant essentially contests the fact that Gallon's claim for a *quantum meruit* share of the contingency fees collected from former clients was heard and ruled upon by an arbitrator. Appellant claims that this issue was not covered by the arbitration clause contained in the 1990 employment agreement and was thus outside the scope of the arbitrator's authority. Although appellant argued vehemently against arbitrability of the issue in both the motion to vacate and the brief submitted on appeal, we are convinced that he is estopped from making such an assertion at this juncture.

█ R.C. 2711.03 provides that a party cannot actually be compelled to arbitrate in the absence of a court order. Thus, a party who volunteers to submit a claim to arbitration is generally estopped from denying the arbitrator's authority after an adverse award has been issued. See, *e.g., Vermilion v. Willard Constr. Co.* (July 19, 1995), Lorain App. No. 94CA006008, unreported, 1995 WL 434371. See, also, *Rosser v. Hochwalt* (1967), 12 Ohio App.2d 129, 131, 41 O.O.2d 196, 197–198, 231 N.E.2d 334, 336–337, citing *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89, and *Campbell v. Automatic Die & Prod. Co.* (1954), 162 Ohio St. 321, 55 O.O. 195, 123 N.E.2d 401. But, see, *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 531 N.E.2d 721 (holding that the lack of an arbitrator's "subject matter jurisdiction" may be raised at any stage of the proceedings, including for the first time on appeal). The Ninth District Court of Appeals has explained the apparent reasoning behind the application of the principle of estoppel in these cases:

"First, the application of estoppel in such a case prevents a party from taking two bites of the same apple, *i.e.,* submitting the case for arbitration and raising the arbitrator's lack of authority to hear the issues only in the event that an adverse award is rendered. Second, by applying estoppel to such a case a party is prevented from subjecting its opponent to a costly arbitration procedure only to later assert that the arbitrator has no jurisdiction over the dispute." *Vermilion, supra,* at * 4.

We believe this analysis is sound when applied to situations like the present case. Appellant obviously volunteered to participate in the arbitration proceedings by submitting an answer and counterclaim, and, most significantly, by

participating in a three-day hearing where he specifically stated that he had no objection to the arbitrator's authority. While appellant attempts to argue that he did raise the issue of arbitrability in a brief filed prior to the hearing, we find otherwise. Indeed, this pretrial brief disputes only the substance of Gallon's claims, not whether the arbitrator was authorized to dispose of them. Therefore, because we are convinced that the principle of estoppel should be applied to this matter, appellant's first and second assignments of error are overruled.

### Assignment of Error III

"The court below erred in enforcing an arbitration award which, because of the absence of indispensable parties, is not arbitrable."

■ Throughout these proceedings, appellant has suggested that the nearly three hundred eighty-five clients whom he represented after his departure from Gallon are necessary parties to this action. As such, appellant must necessarily implicate Civ.R. 19 to support the assertion that a just adjudication could not possibly have been effectuated without these clients. We are not convinced.

Civ.R. 19 provides:

"(A) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. * * *"

Civ.R. 19(B) further states:

"If a person as described in subdivision A(1), (2), or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. * * *"

Based upon the above-quoted language, we conclude that Gallon's former clients do not fall within the purview of Civ.R. 19(A)(1), (2), or (3) and, thus, should not be considered indispensable in this matter. Particularly, we find it most significant that Gallon instituted these proceedings under the terms of the 1990 employment agreement, *i.e.,* that appellant would perform legal work for the sole and exclusive benefit of the firm, rather than under the original fee agreements entered into by the clients. While we acknowledge that most cases involving a claim for a *quantum meruit* share of a contingency fee concern suits

between the discharged attorney and the client, *e.g., Reid, Johnson, Downes, Andrachik & Webster v. Lansberry* (1994), 68 Ohio St.3d 570, 629 N.E.2d 431; *Belovich v. Saghafi* (1995), 104 Ohio App.3d 438, 662 N.E.2d 391, the facts of this case lead us to believe that complete relief can certainly be accorded among the existing parties, since the clients had absolutely nothing to do with the employment contract at issue. As such, the clients have no interest in the subject matter of this action and cannot be considered indispensable.

Appellant's third assignment of error is overruled.

### Assignment of Error IV

"The court below erred in denying Deutsch's motion to vacate the irregularly entered judgment."

■ In this assignment of error, appellant complains that the trial court violated his right to due process by entering and then failing to vacate an *ex parte* confirmation order. This argument is without merit.

As previously indicated, the procedural background of this case appears to be more complex than usual. In response to the petition filed by Gallon pursuant to R.C. 2711.09, the judge originally assigned to the case issued an order confirming the arbitration award without a hearing. Initially, appellant asserted this as the only reason in support of his motion to vacate the award, which was filed on February 14, 2000.

However, while appellant's motion was pending, the judge recused herself from the matter. Upon assignment to the case, the new judge ordered the parties to brief the issue of whether the award should be vacated, and specifically ordered appellant to include all reasons in support. At this point, appellant filed another motion to vacate with a substantial brief in support, which addressed various arguments in addition to the *ex parte* issue. Gallon filed a memo in opposition, and the matter came on for hearing on May 25, 2000. After considering the issues presented, the trial court issued an entry confirming the arbitration award on June 1, 2000.

That judgment entry clearly states that at the hearing, the parties stipulated that the proceeding would be conducted in accordance with R.C. 2711.09. That is, the parties agreed that the court would consider Gallon's petition to confirm and appellant's most recent motion to vacate "as though heard in the first instance." Thus, it is apparent that both sides agreed to move forward and essentially disregard the effects of the initial confirmation order. Without even addressing the substantive issue of whether R.C. 2711.09 actually requires a court to conduct a hearing on a petition to confirm an arbitration award, we refuse to entertain appellant's specious argument that he was denied notice and an

opportunity to be heard since this assertion unmistakably contradicts what actually transpired at the hearing.

Appellant's fourth assignment of error is overruled.

### Assignment of Error V

"The court below erred in approving the arbitrator's award of *quantum meruit* legal fees without analyzing attorney time records."

As a preliminary matter, we note that arbitration proceedings are governed by R.C. Chapter 2711. R.C. 2711.10 provides that upon motion, a trial court may vacate an arbitration award under the following circumstances:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Appellate review of an arbitration award is confined to the judicial order confirming, modifying, correcting, or vacating the award. *Evans v. Rizzo* (Aug. 20, 1996), Marion App. No. 9-96-26, unreported, 1996 WL 479565. See also, *Sparks v. Barnett* (1992), 78 Ohio App.3d 448, 450, 605 N.E.2d 408; *Lockhart v. Am. Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 101, 2 OBR 112, 114–115, 440 N.E.2d 1210, 1213–1214. Consequently, an appellate court "may not pass upon the substantive merits of the arbitration award absent evidence of material mistake or extensive impropriety." *Sparks,* 78 Ohio App.3d at 450, 605 N.E.2d at 409.

Herein, appellant argues that the trial court erred in confirming the award because the arbitrator exceeded her powers in determining a *quantum meruit* share of the recovered contingency fees without considering time records for each of the cases. We disagree.

We must first point out that the record transmitted to this court does not include any of the numerous paper exhibits admitted during the arbitration hearing. Relevant case law provides that in the absence of a complete record, we are bound to presume the regularity of the arbitration proceedings. *Marra Constructors, Inc. v. Cleveland Metroparks Sys.* (1993), 82 Ohio App.3d 557, 612

N.E.2d 806. Notwithstanding this observation, we move on to discuss the substantive merits of appellant's claim.

■ With respect to the determination of a *quantum meruit* value of a discharged contingent-fee attorney's services, the Supreme Court of Ohio has held that courts "should consider the totality of the circumstances involved in the situation." *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry* (1994), 68 Ohio St.3d 570, 576, 629 N.E.2d 431, 436. The court went on to explain:

"The number of hours worked by the attorney before the discharge is only one factor to be considered. Additional relevant considerations include the recovery sought, the skill demanded, the results obtained, and the attorney-client relationship itself. * * * Other factors to be considered will vary, depending on the facts of each case." *Id.*

Therefore, contrary to appellant's argument, *Reid, Johnson* does not necessarily mandate an examination of attorney time records in order to properly calculate a *quantum meruit* share of a contingency fee; rather, the finder of fact is obliged to consider the issue on a case-by-case basis.

Herein, Gallon presented the testimony of James Ambrose, an attorney at law who spent a total of fifty to sixty hours inspecting all of appellant's case files relevant to this matter. Ambrose stated that many of the files were incomplete and in some sort of disarray. Additionally, Ambrose testified that none of the files contained time records; thus, there was no way to log the exact amount of time that appellant had spent on each case. Because of the condition of the files, Ambrose devised the following formula for the arbitrator to utilize in calculating Gallon's *quantum meruit* share: the total fee recovered divided by the total number of months the case was open, multiplied by the number of months that appellant worked on the case prior to his departure from Gallon. Ambrose stated that there was no other method of calculating Gallon's share of the fees in light of the existing evidence. In accordance with this formula, the arbitrator found that Gallon was entitled to $603,391.89 in fees.

The specific facts of this case, coupled with the holding announced in *Reid, Johnson,* lead us to believe that the trial court did not err in confirming the arbitrator's fee award. As such, appellant's fifth assignment of error is overruled.

Having found no error prejudicial the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.

SUMNER E. WALTERS, P.J., RONALD E. HADLEY and STEPHEN R. SHAW, JJ., of the Third Appellate District, sitting by assignment.