OPINION
{¶ 1} Defendant-appellant, Ronald C. Huffman, appeals from post-divorce decree contempt judgments that a retired judge, sitting pursuant to R.C. 2701.10, entered against him. Defendant assigns a single error:
{¶ 2} "THE RETIRED JUDGE HEARING THE CONTEMPT CITATION[S] LACKED JURISDICTION TO CONDUCT THE HEARING OR ISSUE ORDERS AS THE PURPORTED REFERRAL ISSUED BY THE TRIAL JUDGE TO THAT RETIRED JUDGE IS INVALID IN THAT THE TRIAL JUDGE LACKED JURISDICTION TO ISSUE SUCH AN ORDER."
{¶ 3} Because the retired judge did not lack jurisdiction or authority to conduct the post-decree proceedings and enter the judgments of contempt against defendant, we affirm.
{¶ 4} In July 2000, plaintiff-appellee, Karen Huffman, initiated divorce proceedings against defendant in the Franklin County Court of Common Pleas, Division of Domestic Relations. Pursuant to R.C. 2701.10, the parties agreed to have a retired judge adjudicate their divorce. Accordingly, on January 10, 2001, the active Franklin County Common Pleas Court judge assigned to the case (the "common pleas judge") entered an agreed entry and order of referral, signed by both parties' counsel, referring the matter "in its entirety for trial" to the retired judge the parties specified (the "retired judge"). The order also expressly terminated the matter "on the Court docket as having been referred to a retired judge." (January 10, 2001 Agreed Entry and Order of Referral.)
{¶ 5} On April 5, 2001, the retired judge entered a divorce decree in the matter and, on June 19, 2001, denied defendant's motion for a new trial. On August 27, 2001, plaintiff filed a motion to refer the matter "back to the original trial court for further proceedings including post decree motions currently pending." (August 27, 2001 Motion to Refer Matter to Common Pleas Judge.) Attached to the motion was an agreement signed by both parties' counsel to have the retired judge refer the "entire case" back to the common pleas judge. (August 24, 2001 Memorandum of Agreement.)
{¶ 6} In accordance with the parties' motion and agreement, the retired judge entered an order of reference on September 20, 2001, stating that "[p]ursuant to R.C. § 2701.10, the parties in this matter agree and the Court therefore ORDERS that all pending motions and any future post-decree matters and proceedings are referred back to the original trial court [judge]." The retired judge and plaintiff's counsel signed the order; "submitted but not returned" was typed on the line for the signature of defendant's counsel. (September 20, 2001 Order of Reference.)
{¶ 7} In the meantime, on June 18, 2001, plaintiff had moved for an order of contempt against defendant; the common pleas judge set a hearing on the motion and then continued it. On September 28, 2001, on plaintiff's further motion for defendant to appear and show cause why he should not be held in contempt, the common pleas judge entered an order for defendant to appear before the court on November 21, 2001. On the date set for the hearing, defendant moved for a continuance "for [the common pleas judge] to speak with [the retired judge]." The common pleas judge granted the continuance over plaintiff's objection and continued the hearing to November 29, 2001.
{¶ 8} In an entry dated November 29, 2001, the common pleas judge noted that she had been unaware of the retired judge's September 20, 2001 order referring the case back to her, and further noted that neither she nor defendant's counsel had signed the order. The common pleas judge did not note that, following entry of the divorce decree and denial of new trial, the parties had signed and filed a separate agreement to have the entire case referred back to the common pleas judge. Apparently believing the retired judge had jurisdiction over the post-decree proceedings because defendant's counsel had not signed the order, the common pleas judge then sua sponte: (1) vacated the September 28, 2001 order for defendant to appear and show cause, (2) reinstated the January 10 order of reference to the retired judge, and (3) ordered that "[a]ll pending motions and post decree matters, previously referred to [the common pleas judge] by the September 20, 2001 filed Order of Reference, as well as any future post decree matters are hereby referred to [the retired judge], by order of this Court." (November 29, 2001 Entry.) The parties did not sign the court's order or a separate agreement to refer the case back to the retired judge, but both parties signed a motion for continuance for the stated reason of "transfer of case back to [the retired judge]."
{¶ 9} The record reflects that both parties appeared at the continued hearing held before the retired judge on December 10, 2001, where the judge issued a judgment of contempt against defendant, including imposition of a 10-day jail sentence, for defendant's failure to pay plaintiff her share of certain marital assets. On January 16, 2002, the retired judge entered a second judgment of contempt against defendant, with additional jail time imposed, for defendant's failure to pay plaintiff spousal support and her share of equity in the marital home as the court had ordered. In separate judgment entries filed that same day, the retired judge (1) denied a motion defendant brought on December 31, 2001 requesting the retired judge to modify or terminate defendant's spousal support obligation, and (2) denied a stay of the court's contempt and asset distribution orders. According to the record, after the common pleas judge referred the case back to the retired judge on November 29, 2001, defendant raised no objections below to the retired judge's authority to conduct proceedings or enter any judgment in the case.
{¶ 10} Upon defendant's appeal and motion for stay, this court granted defendant a stay of execution of the January 16, 2002 judgment of contempt, conditioned on defendant posting a supersedeas bond. In his single assignment of error, defendant contends the retired judge lacked jurisdiction to hear the matters referred to him or to issue orders because the common pleas judge's November 29, 2001 referral was procedurally defective.
{¶ 11} More particularly, defendant asserts the parties agreed to have the retired judge hear and decide only the divorce proceedings, not the post-decree proceedings. In support, defendant notes the parties' signed agreement to the January 10, 2001 order referring the case to the retired judge, and their written agreement to the September 20, 2001 order, after the divorce decree had been entered, referring the post-decree matters and proceedings back to the common pleas judge. Defendant contends the common pleas judge's second referral of the case to the retired judge, on November 29, 2001, was invalid because the parties did not agree in writing to the referral as R.C. 2701.10(B)(1) and (2) require. Defendant claims the retired judge accordingly lacked jurisdiction to conduct the post-decree proceedings and to enter the contempt judgments against defendant. Asserting the contempt judgments therefore are void and must be vacated, defendant contends the case should be remanded for further proceedings to be held before the common pleas judge.
{¶ 12} The common pleas judge's referrals to the retired judge were made pursuant to R.C. 2701.10, a consensual reference statute that provides a form of dispute resolution commonly referred to as "private judging" or "rent-a-judge." Generally, this type of dispute resolution fuses many aspects of private dispute resolution found in arbitration with the judicial authority of the courts. Similar to arbitration, the parties agree to submit any or all issues in a pending dispute to a specified private adjudicator, often a referee or retired judge, and the adjudicator the parties selected issues a binding decision on the matters submitted. Also like arbitration, usually the parties, not the public, pay for the private adjudicator's services and the various costs associated with conducting the proceedings.
{¶ 13} Unlike arbitration, however, the private, or special, adjudicator generally possesses all of the powers and authority of a sitting judge over the matters to be determined in the particular case to which he or she is assigned, including entering judgment from which an appeal may be made. Moreover, unlike arbitrators, the selected special judges are often part of the state court system. See, generally, Private Judging by Consent, 20 Alternatives to High Cost Litigation (2002), 1; Rent-A-Judges and the Cost of Selling Justice, 44 Duke L.J. (1994), 166; The California Rent-A-Judge Experiment: Constitutional and Policy Considerations of Pay-As-You-Go Courts (1981), 94 Harv.L.Rev. 1592, 1615; 4 American Jurisprudence 2d (2001), Alternative Dispute Resolution, Rent-A-Judge, Section 21
{¶ 14} In Ohio, R.C. 2701.10(B)(1) expressly provides that "[t]he parties to any civil action or proceeding pending in any court of common pleas * * * unanimously may choose to have the action or proceeding in its entirety referred for adjudication, or to have any specific issue or question of fact or law in the action or proceeding submitted for determination, to a [retired] judge of their choosing * * * ." If the parties unanimously choose to have such a referral made to a retired judge, the statute provides that all of the parties are to enter into a written agreement with the retired judge that does all of the following:
{¶ 15} "(a) Designates the retired judge to whom the referral or submission is to be made;
{¶ 16} "(b) If a submission is to be made, describes in detail the specific issue or question to be submitted;
{¶ 17} "(c) Indicates either of the following:
{¶ 18} "(i) That the action or proceeding in its entirety is to be referred to, and is to be tried, determined, and adjudicated by that retired judge;
{¶ 19} "(ii) Indicates that the issue or question is to be submitted, and is to be tried and determined by that retired judge.
{¶ 20} "(d) Indicates that the parties will assume the responsibility for providing facilities, equipment, and personnel reasonably needed by the retired judge during his consideration of the action or proceeding and will pay all costs arising out of the provision of the facilities, equipment, and personnel;
{¶ 21} "(e) Identifies an amount of compensation to be paid by the parties to the retired judge for his services and the manner of payment of the compensation." R.C. 2701.10(B)(1).
{¶ 22} R.C. 2701.10(B)(2) provides that "[n]o referral or submission shall be made to a retired judge under this section, unless the parties to the action or proceeding unanimously choose to have the referral or submission made, enter into an agreement of the type described in division (B)(1) of this section with the retired judge, and file the agreement in accordance with this division."
{¶ 23} The statute further provides that upon a referral to a retired judge in accordance with the statute, the retired judge has all of the powers, duties, and authority of an active judge of the court in which the action or proceeding is pending, including entering judgment in the action or proceeding. R.C. 2701.10(C) and (D). Such a judgment has the same force and effect, and may be appealed, as if an active judge of the court entered it. R.C. 2701.10(D).
{¶ 24} For purposes of our analysis, we assume (1) the January 10, 2001 referral to the retired judge was limited to adjudication of the parties' divorce and did not include any post-decree matters relating to the parties' divorce, and (2) the retired judge's September 20, 2001 transfer of the post-decree proceedings to the common pleas judge, ordered in accordance with the parties' separate signed agreement, was proper. In that context, the case was properly before the common pleas judge as of September 20, 2001 for adjudication of any post-decree matters because (1) the parties did not initially consent to the retired judge adjudicating any post-decree matters, and (2) the case was properly referred back to the common pleas judge after the retired judge's entry of the divorce decree and denial of new trial. The question then resolves to whether the retired judge had the authority, pursuant to R.C. 2701.10, to adjudicate the post-decree proceedings, including the contempt proceedings, where (1) the common pleas judge having jurisdiction over those proceedings transferred them to the retired judge without the statutorily required unanimous written agreement of the parties, but (2) the parties appeared before the retired judge and acquiesced in his judicial authority without objection until this appeal.
{¶ 25} An examination of relevant law regarding arbitration is instructive because R.C. 2701.10, like similar provisions in arbitration statutes, requires the parties' written agreement to submit matters in dispute to a private adjudicator. Cf. R.C. 2701.10(B)(1) and (2), and Ohio Arbitration Act, R.C. 2711.01 and 2711.03. The requirement is based on the premise that a party cannot be compelled to have a disputed matter submitted to arbitration if the party has not so agreed. See Council of Smaller Enterprises v. Gates, McDonald Co. (1998), 80 Ohio St.3d 661,665; St. Vincent Charity Hospital v. URS Consultants, Inc. (1996),111 Ohio App.3d 791, 793, appeal not allowed, 77 Ohio St.3d 1492. Indeed, arbitrators derive their authority to resolve disputes from the parties' agreement to have a matter arbitrated. Council of Smaller Enterprises, supra.
{¶ 26} Courts in Ohio are generally in accord with the clear weight of authority in other jurisdictions holding that a party who allows a dispute to go to arbitration and voluntarily participates in arbitration proceedings, without objection or challenge to the authority, jurisdiction or power of the arbitrator to resolve a particular dispute, is deemed to have consented to the arbitration and is estopped from contesting the arbitrator's authority after suffering an adverse arbitration award. See Annotation, Participation in Arbitration Proceedings as Waiver of Objection to Arbitrability Under State Law (1998), 56 A.L.R.5th 757. In Ohio, see E.S. Gallon Co., L.P.A. v. Deutsch (2001), 142 Ohio App.3d 137 (holding that a party who voluntarily participates in a three-day arbitration hearing without objection is estopped to contest the arbitrator's authority after an adverse award has issued); Ormandy v. Mechenbier (1997), 128 Ohio App.3d 536, 540
(determining that a party's failure to object to a trial court's referral of an action to arbitration until after the arbitrator had entered an adverse decision "suggests consent to the arbitration proceedings"); M.B. Guran Co., Inc. v. Amsdell (1983), 9 Ohio App.3d 201, 202; Rosser v. Hochwalt (1967), 12 Ohio App.2d 129, 131.
{¶ 27} Conversely, where a party timely objects to the submission of a dispute to arbitration, usually as soon as the party has knowledge of any irregularity in the appointment of the arbitrator or a lack of authority in the arbitrator, courts have found that the party's participation in arbitration proceedings under those circumstances does not waive the party's right to subsequently challenge the arbitration of the matter. Annotation, supra; Teramar Corp. v. Rodier Corp. (1987),40 Ohio App.3d 39, 41 (holding that a party's challenge to an arbitration panel's jurisdiction, based upon the absence of a written arbitration clause, is not waived on appeal where the party repeatedly objected during the proceedings to the panel's jurisdiction to make an arbitration award).
{¶ 28} In City of Vermillion v. Willard Constr. Co. (July 19, 1995), Lorain App. No. 94CA006008, the court explained the reasoning of courts in arbitration cases where the principle of estoppel has been applied:
{¶ 29} "First, the application of estoppel in such a case prevents a party from taking two bites of the same apple, i.e., submitting the case for arbitration and raising the arbitrator's lack of authority to hear the issues only in the event that an adverse award is rendered. Second, by applying estoppel to such a case a party is prevented from subjecting its opponent to a costly arbitration procedure only to later assert that the arbitrator has no jurisdiction over the dispute."
{¶ 30} Here, although the parties agreed in writing to a continuance to transfer the post-decree proceedings to the retired judge, the parties did not give the statutorily required written consent to referring the post-decree proceedings to the retired judge. Nevertheless, the record reflects that both parties appeared before the retired judge in the post-decree proceedings and did not object below to the retired judge's assertion of judicial authority over those proceedings. To the contrary, defendant affirmatively invoked the retired judge's authority over the post-decree proceedings when defendant filed a motion on December 31, 2001, requesting the retired judge to modify or terminate defendant's previously ordered spousal support obligation to plaintiff. The first time defendant questioned the retired judge's authority, power, or jurisdiction over the post-decree proceedings was in his appeal to this court from the contempt judgments. Thus, defendant acquiesced in the retired judge's authority over the post-decree proceedings until after the judge had entered several judgments adverse to defendant, including the two contempt judgments at issue here.
{¶ 31} To the extent the common pleas judge's referral of the case to the retired judge, without the written consent of the parties, is analogous to the submission of a matter to an arbitrator without a party's consent, the clear weight of authority of arbitration cases that have decided this question indicates defendant's participation in the post-decree proceedings before the retired judge, without objection to the retired judge's authority in those proceedings, waives defendant's untimely challenge, brought for the first time on appeal, to the retired judge's authority in the post-decree proceedings. E.S. Gallon Co.; Ormandy; M.B. Guran Co.; Rosser, supra.
{¶ 32} However, we do not rest our decision solely on that basis. Because a retired judge appointed pursuant to R.C. 2701.10 has the same power and authority of a sitting common pleas court judge as to the matters to be decided, we must determine whether the retired judge, whom the common pleas judge assigned to the post-decree proceedings without the parties' written consent, had the requisite judicial authority to enter valid and binding contempt judgments against defendant.
{¶ 33} Judicial power may be conferred upon a person or a court only by authority of law, and in the absence of such authority, a judge cannot delegate his or her judicial authority. Demereaux v. State (1930), 35 Ohio App. 418, 420. However, where a judge delegates judicial authority under a color of right but the delegation of authority is defective, either because the judge lacked the requisite legal authority to make the delegation or because of a defect or irregularity in the appointment procedure, the person to whom the judicial authority is transferred may become a "de facto" judge, rather than a "de jure" judge. State ex rel. Witten v. Ferguson (1947), 148 Ohio St. 702,708-709.
{¶ 34} A "de jure" judge occupies judicial office during a constituted term and through a proper and legal appointment or election. Id. at 707. The common pleas judge in this case is such a judge. A "de facto" judge is a judicial officer pursuant to an appointment made under some color of authority, and carries out the functions of the judicial office with the acquiescence of those who appear before him or her. Id. at 709; Williams v. Banner Buick, Inc. (1989), 60 Ohio App.3d 128, 134. See, also, Ex parte Strang (1871), 21 Ohio St. 610 (holding that even where the power conferred on a person making a judicial appointment is unconstitutional, the person, otherwise qualified, performing judicial functions under such an appointment is a de facto judge, as having derived judicial authority from one having colorable authority to make the appointment); State ex rel. Marshall v. Keller (1967), 10 Ohio St.2d 85
(holding that where one derives appointment to a legally existing office from one having colorable authority to appoint and performs the duties of the office with the acquiescence of those who appear before him until after entry of an adverse decision, the law validates the officer's acts as a de facto judge). A "de facto" judge has all the power and authority of a "de jure" judge, and judicial actions taken by a "de facto" judge are legally valid and binding and not subject to collateral attack or to challenges first raised on appeal. Williams, supra.
{¶ 35} In Williams, the trial judge disqualified himself from the case due to a conflict of interest. Although the Chief Justice of the Ohio Supreme Court had sole authority to appoint a substitute judge, the trial judge appointed an acting judge but did not journalize an entry of the appointment until after the acting judge dismissed the plaintiffs' claim with prejudice. The appellate court held that the plaintiffs' decision to proceed without objection to the authority of the acting judge, and irregularities in his appointment, waived that error. The court further held "the acting judge, by having `colorable' authority, is deemed a de facto judge with all the power and authority of a proper de jure judge[,]" rendering the acting judge's actions legally valid, binding, and not open to attack on appeal. Id. at 134. See, also, Stiess v. State (1921), 103 Ohio St. 33; Barner v. Barner (1925),19 Ohio App. 458; Demereaux at 422.
{¶ 36} While the foregoing suggests the retired judge acted as a de facto judge in the proceedings below, defendant contends the issue is more basic and involves subject matter jurisdiction. Defendant is correct that, if subject matter jurisdiction to enter the contempt judgments is lacking, the judgments are void. Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph three of the syllabus. See, also, Civ.R. 12(H)(3). Defendant is further correct that a challenge to a court's subject matter jurisdiction can be raised for the first time on appeal. Civ.R. 12(H)(3); In re Byard (1996), 74 Ohio St.3d 294, 296. As this court noted in In re Kerry Ford, Inc. (1995), 106 Ohio App.3d 643, 651:
{¶ 37} "It is well settled that lack of subject-matter jurisdiction may be raised at any stage of the proceedings. Parties may not, by stipulation or agreement, confer subject-matter jurisdiction on a court or administrative body where such jurisdiction does not otherwise exist. Further, `[i]t is a fundamental proposition that just as parties cannot confer subject matter jurisdiction by consent, subject matter jurisdiction cannot be acquired based upon a theory of estoppel or waiver arising from the acts of the parties or their agents.' " (Citations omitted.)
{¶ 38} Here, contrary to defendant's assertion, the parties' consent does not confer subject matter jurisdiction on the retired judge. Rather, the statute, R.C. 2701.10, in accordance with Section4(B), Article IV, Ohio Constitution, confers broad subject matter jurisdiction on a retired judge who is appointed to the legally existing office to adjudicate "any civil action or proceeding pending in any court of common pleas." Moreover, the statute provides that, as to a particular assigned case, the appointed judge is vested with the same jurisdiction and power over the matters the parties submitted as a sitting common pleas judge. R.C. 2701.10. The parties' consent is limited to: (1) whether a retired judge will be appointed as a special judge, in place of the common pleas judge, in the civil action or proceeding, and (2) the scope of the matters to be submitted to and decided by the retired judge during his or her assignment to the case over which the judge has subject matter jurisdiction by virtue of the statute.
{¶ 39} Subject matter jurisdiction is only one form of jurisdiction. State v. Swiger (1998), 125 Ohio App.3d 456, 462; Bureau of Support v. Brown (Nov. 6, 2001), Carroll App. No. 00APO742. See, also, State v. Parker, 95 Ohio St.3d 524, 529, 2002-Ohio-2833. "Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear." (Emphasis added.) State ex rel. Wright v. Griffen (July 1, 1999), Cuyahoga App. No. 76299. See, also, Swiger at 463, agreeing with In the Matter of Waite (1991), 188 Mich. App. 189, 199-200,468 N.W.2d 912, 917. Subject matter jurisdiction focuses on whether the court is the proper forum to hear the class of cases within which a particular case falls, such as common pleas court, municipal court, or juvenile court. Swiger at 462.
{¶ 40} In contrast, jurisdiction of the particular case, otherwise referred to as the "exercise" of jurisdiction, is the trial court's authority to decide a particular case within the class of cases within its subject matter jurisdiction. Id.; Griffen; Brown. Compliance with statutory requirements or procedural prerequisites are components of a court's exercise of jurisdiction. State v. Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75; Swiger at 462-463; Griffen, supra. "It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction of the particular case merely renders the judgment voidable." Swiger at 462. In accord, Brown; Wilfong; State v. Filiaggi (1999), 86 Ohio St.3d 230, 240.
{¶ 41} A California court has held that a trial court's assignment of a matter to a referee without first obtaining the statutorily required written consent of the parties to make the referral is not a component of subject matter jurisdiction. Jovine v. FHP, Inc. (1998), 64 Cal.App.4th 1506, 1527, 76 Cal.Rptr.2d 322, 337, fn. 26. Thus, such an assignment was deemed merely voidable, not void. Jovine, supra.
{¶ 42} Similarly, courts in Ohio have held that a judgment entered in a case by a judge who is improperly assigned, or transferred, to a case by another judge without proper authority, is merely voidable, not void, on a party's timely objection. Berger v. Berger (1981),3 Ohio App.3d 125, 130, certiorari denied (1982), 459 U.S. 834,103 S.Ct. 76; Abood v. Nemer (June 28, 1995), Summit App. No. 16877. Thus, where parties having knowledge of a judge's improper assignment appear in proceedings before the judge without raising the issue of an improper transfer to or assignment of the judge until after an adverse judgment is entered, courts in Ohio have held that any issue regarding the improper assignment of the judge is waived on appeal. Id.; Boling v. Valecko (Feb. 6, 2002), Summit App. No. 20464 (holding that a party's objection presented on appeal to an improper assignment of a case to a retired judge is waived where the parties filed motions indicating the name and status of the retired judge and appeared before the judge for several hearings without objection until the appeal). See, also, White v. Summit Cty. (2000), 138 Ohio App.3d 116.
{¶ 43} The court in Berger explained that "any party objecting to reassignment must raise that objection at the first opportunity to do so. If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before the action is taken. If the party first learns about the transfer after action is taken by the new judge, the party waives any objection to the transfer by failing to raise that issue within a reasonable time thereafter. The definition of a reasonable time may well be controlled by the time limits for motions for rehearing, reconsideration, or a new trial." Id. at 131.
{¶ 44} Here, the common pleas judge, who properly had jurisdiction over the post-decree proceedings, transferred judicial authority on November 29, 2001 to the retired judge. The transfer was not made in accordance with the requirements of R.C. 2701.10, as the parties' written consent to the referral was not obtained. The common pleas judge's failure to comply with the statutory requirements in referring the case resulted in the referral being made not with actual authority provided under R.C. 2701.10, but only with color of authority. Stiess; Demereaux. Thus, the common pleas judge's referral of the case to the retired judge constituted an erroneous exercise of the judge's jurisdiction, rendering the November 29, 2001 order of referral voidable, not void, on timely objection to the referral. Berger; Boling; Abood, supra.
{¶ 45} Because the retired judge assumed and carried out the functions of the special judicial office with the acquiescence of defendant during the post-decree proceedings, the retired judge became a de facto judge in the proceedings with all the power and authority of a judge appointed in accordance with the lawful authority of R.C. 2701.10. Williams; Stiess; Keller, supra. Defendant is estopped from raising his untimely challenge because he waited until he suffered adverse judgments to challenge the retired judge's authority in the post-degree proceedings. Berger; Abood, supra. Accordingly, the retired judge's contempt judgments entered against defendant are valid and binding and are affirmed.
Judgment affirmed.
GLASSER and BOWMAN, JJ., concur.
GLASSER, J., retired, of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.