**BOARD OF TRUSTEES OF BUTLER TOWNSHIP, Appellant,**

v.

**BUTLER TOWNSHIP PROFESSIONAL FIRE FIGHTERS,
IAFF LOCAL NO. 4491, Appellee.**

[Cite as *Butler Twp. Bd. of Trustees v. Butler Twp. Professional Fire Fighters,
IAFF Local No. 4491,* 183 Ohio App.3d 575, 2009-Ohio-4319.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22973.

Decided Aug. 21, 2009.

Lynnette Ballato Dinkler and Dwight A. Washington, for appellant.

Henry A. Arnett, for appellee.

GRADY, Judge.

{¶ 1} This is an appeal from a summary judgment the court of common pleas entered in an action commenced pursuant to R.C. 2711.09, confirming a conciliator's award made pursuant to R.C. 4117.14 regarding the terms of a public-employees collective-bargaining agreement.

{¶ 2} Plaintiff-appellant, the Board of Trustees of Butler Township, Ohio (the "Board"), is a public employer. R.C. 4711.01(B). On May 4, 2006, following an election by the Board's employees, defendant-appellee, Butler Township Professional Fire Fighters IAFF Local No. 4491 ("the Union"), was authorized by the State Employee Relations Board ("SERB") to act as the exclusive representative of the Board's employees, R.C. 4117.01(E), to deal with the Board on their behalf "concerning grievances, labor disputes, wages, hours, terms, and other conditions of employment." R.C. 4117.01(D).

{¶ 3} The Board and the Union commenced negotiations to reach a collective-bargaining agreement. However, they were unable to reach agreement on all issues, and the matter was submitted to a fact-finder pursuant to R.C. 4117.14(C)(1)(d) for findings and recommendations.

{¶ 4} The parties specified their positions on the unresolved issues to the fact-finding panel. R.C. 4117.14(C)(3)(a). The panel submitted its findings of fact and recommendations to the parties. R.C. 4117.14(C)(5). The Board rejected those findings and recommendations. R.C. 4117.14(6)(a).

{¶ 5} Following the Board's rejection, the Union submitted the impasse to a final-offer settlement procedure by a conciliator. R.C. 4117.14(D)(1). On December 18, 2007, SERB appointed a conciliator pursuant to R.C. 4117.14(D)(1). The conciliator was required to conduct a hearing within 30 days, or as soon thereafter as is practicable. R.C. 4117.14(G)(2).

{¶ 6} R.C. 4117.14(G)(3) provides: "Not later than five calendar days before the hearing, each of the parties shall submit to the conciliator, to the opposing party, and to [SERB], a written report summarizing * * * the party's final offer as to the issues, and the rationale for that position." Following a hearing, the conciliator resolves the impasse in negotiations "by selecting, on an issue-by-issue

basis, from * * * each of the part[ies'] final settlement offers." R.C. 4117.14(G)(7).

{¶ 7} A conciliation hearing was scheduled for January 25, 2008. The Board asked the conciliator to postpone the hearing until after SERB had decided an application to decertify the Union as the exclusive representative of its employees on the basis of a petition an employee of the Board had filed. The conciliator denied the Board's request, finding that good cause for the request was not shown because SERB was authorized to order the conciliation hearing postponed.

{¶ 8} The Board failed to file a written report of its final settlement offer within five days before the hearing. The Board submitted its written report thereafter, but the conciliator rejected it as being untimely filed. The Union submitted a timely position statement containing the following representations:

{¶ 9} "Offers by the Union for the parties to meet in an attempt to find a resolution to this matter have gone unanswered. Subsequently, the parties have not met since September 24, 2007. Therefore, six (6) issues remained unresolved and are submitted to conciliation by the Union. They are:

{¶ 10} "Layoff & Recall

{¶ 11} "Seniority

{¶ 12} "Shift Trades

{¶ 13} "Employee Benefits

{¶ 14} "Hours of Work & Overtime

{¶ 15} "Compensatory Time

{¶ 16} "All Articles which have been tentatively agreed to as well as those proposed by the Union for purposes of this conciliation hearing have an effective date of January 1, 2007. Additionally the parties have entered into an agreement of such by virtue of a 'G–11' waiver, more specifically, a waiver of the provisions of O.R.C. Chapter 4117.14(G)(11)."

{¶ 17} The conciliator filed a final report and award on March 3, 2008. The conciliator found that, since the Board failed to file a timely report of its settlement offers, he was bound to adopt the Union's final offers. The conciliator further held that all articles of the collective-bargaining agreement would be effective retroactive to January 1, 2007, pursuant to the parties' agreement.

{¶ 18} R.C. 4117.14(G)(8) states: "Final offer settlement awards made under Chapter 4117 of the Revised Code are subject to Chapter 2711 of the Revised Code." That Chapter governs arbitration. R.C. 2711.09 states:

{¶ 19} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas

for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."

{¶ 20} The Board commenced an action asking the court of common pleas to vacate the conciliator's award. The Board pleaded two grounds for relief.

{¶ 21} R.C. 2711.10(C) provides that the court shall vacate an award on the application of a party if the court finds that "[t]he arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." The Board argued that the conciliator was guilty of misconduct by denying the Board's request to postpone the hearing until SERB had decided the application to decertify the Union as the exclusive representative of the Board's employees.

{¶ 22} R.C. 2711.10(D) provides that the court shall vacate an award on the application of a party if the court finds that "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." The Board argued that the arbitrator exceeded his powers in holding that all articles of the collective-bargaining agreement would be effective retroactive to January 1, 2007.

{¶ 23} The Union filed an answer and a counterclaim, to which the Board replied. The Union's counterclaim asked the court to confirm the arbitrator's award pursuant to R.C. 2711.09. Both parties filed motions for summary judgment. On September 10, 2008, the court denied the motion filed by the Board and granted summary judgment for the Union on its counterclaim. The Board filed a timely notice of appeal.

First Assignment of Error

{¶ 24} "The trial court erred in granting the Union's motion for summary judgment."

{¶ 25} The basis for the error the Board assigns is set out in two "Issues Presented For Review." To facilitate our review, we will address them in reverse order.

## Issue II

{¶ 26} "Whether the trial court erred when it decided, as a matter of law, that the conciliator did not commit 'misconduct' as defined by the Ohio Revised Code by refusing to postpone the conciliation hearing while a decertification petition was pending."

{¶ 27} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25, 50 O.O.2d 47, 254 N.E.2d 683. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825. Further, the issues of law involved are reviewed de novo. *Nilavar v. Osborn* (1998), 127 Ohio App.3d 1, 711 N.E.2d 726.

{¶ 28} Section 34, Article II of the Ohio Constitution provides that laws may be passed "providing for the comfort, health, safety and general welfare of all employees." R.C. 4117.14 was enacted pursuant to Section 34, Article II, and creates protections for the collective-bargaining rights of public employees.

{¶ 29} R.C. 2711.09 limits judicial review of a conciliator's award made pursuant to R.C. 4117.14 to the specific grounds in R.C. 2711.10 and 2711.11. *Buyer's First Realty, Inc. v. Cleveland Area Bd. of Realtors* (2000), 139 Ohio App.3d 772, 745 N.E.2d 1069. Applying the common-law standards governing arbitration, a conciliator's award will not be set aside absent a clear showing of the statutory grounds for which the court must vacate the award. *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703.

{¶ 30} Arbitrators generally have discretion to grant continuances or adjourn the hearing on their own motion or joint request of the parties. Elkouri & Elkouri, How Arbitration Works (6th Ed. 2003), Section 7.4.c. That discretion is constrained in R.C. 4117.14 conciliation procedures by paragraph (G)(2) of that section, which provides that "[t]he conciliator shall hold a hearing within thirty days of the board's order to submit to a final offer settlement procedure, or as soon thereafter as is practicable."

{¶ 31} When it asked the conciliator to postpone the hearing, the Board did not also file a timely statement of its own final offers. As a result, after the conciliator had denied the Board's request to postpone the hearing, and the deadline for filing final-offer statements having passed, the conciliator declined to consider a final-offer statement filed by the Board because it was untimely. Having only the Union's final-offer statement before him, the conciliator concluded that he was required to adopt the Union's final offers.

{¶ 32} R.C. 2711.10(C) suggests that the conciliator may postpone the hearing "upon sufficient cause shown," but that when the conciliator refuses to postpone the hearing, the court may vacate the award on that account only on a finding that the conciliator engaged in misconduct. "Misconduct" is "[a] dereliction of duty; unlawful or improper behavior." Black's Law Dictionary (7th Ed. 1999) 1013.

{¶ 33} The conciliator denied the Board's request to postpone the hearing until the decertification claim had been decided by SERB. The conciliator reasoned that a postponement for that reason is available from SERB and is therefore more properly ordered by SERB.

{¶ 34} R.C. 4117.14(D)(1) provides that SERB shall appoint a conciliator when the parties cannot agree on one selected by them. The guidelines set out in R.C. 4117.14(G) impose, at paragraph (G)(2), a preference for a prompt hearing by the conciliator. Ohio Adm.Code 4117–9–02(F) provides that SERB "will continue with the timely application of the statutory procedure" in R.C. 4117.14(D) and (G) unless "[a] motion to stay for good cause shown is granted by the board." The conciliator's preference for a continuance by SERB is consistent with the statutory delegations to SERB in R.C. 4117.14, as well as with SERB's own implementation of its authority.

{¶ 35} Reasonable minds could not find that the conciliator engaged in misconduct when he found insufficient cause to postpone the hearing on the Board's motion.

## Issue I

{¶ 36} "Whether the trial court erred when it decided, as a matter of law, that the conciliator did not exceed his statutorily-granted authority by awarding a blanket retroactivity provision to the Union when it was not properly before him as a contested issue."

{¶ 37} The conciliator's award contains the following finding in its conclusion:

{¶ 38} "The parties have agreed that all Articles tentatively agreed to, and those included in the Conciliator's Award will have an effective date of January 1, 2007. In this regard, the parties have agreed to waive the provisions of ORC 4117.14(G)(11)."

{¶ 39} R.C. 4117.14(G)(11) provides that increases in rates of compensation and other matters with cost implications may be effective only at the beginning of the next fiscal year following the award, except that an award may be made retroactive to the beginning of a new fiscal year that commenced following SERB's order to submit to a final-offer conciliation procedure. R.C. 4117.14(G)(11) further provides: "The parties may, at any time, amend or modify

a conciliator's award or order by mutual agreement." The parties did that when, on December 13, 2006, they signed a written agreement providing that awards on cost and compensation issues would be retroactive to January 1, 2007.

{¶ 40} In its complaint asking the trial court to vacate the award pursuant to R.C. 2711.10(D), the Board alleged that the conciliator exceeded his powers in making all articles of the award retroactive, for two reasons: (1) retroactivity was not one of the six issues the Union identified for conciliation in its position statement and (2) the R.C. 4117.14(G)(11) waiver on which the conciliator relied is limited to cost and compensation issues only.

{¶ 41} The trial court found that the Board waived its right to argue these claims because "the Board was explicitly aware that the Union's written statement indicated that the entire agreement should apply retroactively, * * * obligating the Board to raise the issue in writing or at the hearing. The record lacks any indication that the Board indicated, either in its untimely written statement or at the time of the hearing that Conciliator Kohler could not consider the Union's suggestion that the entire award apply retroactively."

{¶ 42} "R.C. 4117.14 requires only that the parties address each issue that has resulted in an impasse. The statute is silent on the structure the final settlement offer must take. Clearly, substance is superior to form in the statute." *Fairborn Professional Firefighters' Assn., IAFF Local 1235 v. Fairborn* (2000), 90 Ohio St.3d 170, 173, 736 N.E.2d 5. We agree that, absent an objection by the Board, the conciliator did not exceed his powers when he construed the Union's statement that all articles tentatively agreed and submitted for conciliation "have an effective date of January 1, 2007" to be an element of the Union's final offers on which the conciliator could make an award.

{¶ 43} R.C. 2711.10(D) permits the court to vacate, modify, or correct a conciliator's award on a finding that the conciliator exceeded his powers "or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." On this record, we believe that there is a genuine issue of material fact regarding the conciliator's execution of his powers.

{¶ 44} The Union's position statement correctly represented that the parties had agreed in their R.C. 4117.14(G)(11) waiver to make all cost and compensation articles in the award retroactive to January 1, 2007. The position statement further asserted, as the Union's final offer, that all articles contained in their collective-bargaining agreement would "have an effective date of January 1, 2007." The conciliator could adopt the Union's final offer. In so doing, the conciliator expressly found that "[t]he parties have agreed that all Articles * * * will have an effective date of January 1, 2007."

{¶ 45} The conciliator misconstrued the scope and effect of the parties' R.C. 4117.14(G)(11) waiver in making that finding, because their agreement regarding retroactivity concerned cost and compensation issues only. Furthermore, the conciliator's mistaken belief that the parties had agreed to retroactivity for all matters was material to his finding and the award he made. The effect of that error may be substantial. Many of the articles made retroactive implicate employment actions concerning which grievances may now be filed on the retroactive rights the award created. Any basis to find that the parties had agreed to that outcome is wholly lacking on this record.

{¶ 46} Construing the evidence most strongly in favor of the Board, Civ.R. 56(C), reasonable minds could find that the conciliator, in making the mistaken finding concerning the scope of the parties' agreement, so imperfectly exercised his powers that a mutual, final, and definite award on the matter of retroactivity was not made. R.C. 2711.10(D). Therefore, because a genuine issue of material fact in that regard exists, we find that the trial court erred when it granted summary judgment for the Union on its motion.

{¶ 47} The first assignment of error is sustained.

Second Assignment of Error

{¶ 48} "The trial court erred in overruling Butler Township's motion for summary judgment."

{¶ 49} Because a genuine issue of material fact exists with respect to the Board's R.C. 2711.10(D) claim for relief, the trial court did not err when it overruled the Board's motion for summary judgment.

{¶ 50} The second assignment of error is overruled.

{¶ 51} Having sustained the Board's first assignment of error, we reverse the judgment from which this appeal is taken and remand the case for further proceedings consistent with our opinion.

Judgment reversed
and cause remanded.

DONOVAN, P.J., and FROELICH, J., concur.