[Cite as *Ohio Patrolmen's Benevolent Assn. v. Olmsted Falls*, 2022-Ohio-2958.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

OHIO PATROLMEN'S BENEVOLENT   :
ASSOCIATION,

      Plaintiff-Appellant,     :       No. 111147

      v.               :

CITY OF OLMSTED FALLS,     :

      Defendant-Appellee.     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 25, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-950761

---

### *Appearances:*

Brian A. Holb and Daniel J. Leffler, *for appellant*.

Andrew D. Bemer, *for appellee*.

---

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant Ohio Patrolmen's Benevolent Association ("Union") appeals the judgment of the trial court that denied its motion to vacate a labor conciliation award and granted defendant-appellee city of North Olmsted's

("city") application for an order confirming the award. We affirm the judgment of the trial court.

## I.      Procedural History and Facts

{¶ 2}   In 1984, R.C. Chapter 4117 known as the Ohio Public Employees Collective Bargaining Act ("Act") was enacted and the State Employment Relations Board ("SERB" interchangeably referred to as the "Board") was created. The Act provides a process for collective bargaining agreement ("CBA") negotiations and impasse resolution. R.C. 4117.14 contains the procedure for modifying or terminating CBAs and negotiating successor agreements.

{¶ 3}   Where the parties are unable to reach an agreement,

> the matter proceeds to a fact-finding procedure pursuant to R.C. 4117.14, which involves a third-party neutral person, a "fact-finder," who conducts an evidentiary hearing and issues a report with recommended terms. Fact-finding culminates in a final, written CBA that the parties execute and implement. If the impasse persists after fact-finding, under statute, certain bargaining units and their employers are required to proceed to binding interest arbitration, or "conciliation." If fact-finding fails to culminate in a final written CBA, the parties can resume their negotiations and the union may resort to a strike to bring economic force to obtain its bargaining objectives.

*Cleveland v. Communication Workers of Am., Local 4340*, 8th Dist. Cuyahoga No. 111050, 2022-Ohio-2498, ¶ 3.

{¶ 4}   In 2020, the city and the Union began CBA negotiations for the 2021 to 2023 term. Unable to agree, the parties participated in a fact-finding hearing under R.C. Chapter 4117. The fact-finding recommendation was rejected by the full and part-time patrol officers, and on March 24, 2021, SERB ordered the parties to

conciliation under Ohio Adm.Code 4117-9-06(A) and appointed a conciliator on March 30, 2021, under R.C. 4117.14(D)(1).

{¶ 5} The March 30, 2021 letter of appointment directed that "five calendar days in advance of the hearing, each party must send its prehearing statement to the conciliator and to the other party in compliance with Ohio Adm.Code 4117-9-06(E)."[1] The letter did not specify that a copy of the statement should also go to the Board but did provide that the Board would "submit for inclusion in the record and for consideration by the conciliator the written report and recommendations of the fact-finder. R.C. 4117.14(G)(6)." The letter also advised the recipients to "[s]ee [the] Conciliation Guidebook for more information about the Dispute Settlement Procedure."

{¶ 6} The hearing was set for June 7, 2021. The Union hand-delivered a hard copy of its prehearing statement to the conciliator, and on June 2, 2021, electronically submitted a copy to the conciliator, the city, and the Board. City also timely submitted a hard copy of its prehearing statement to the Union and the conciliator but, the Union complains, the city did not submit a copy to the Board.

---

[1] Ohio Adm.Code 4117-906(E) provides in part: "(E) Upon notice of the conciliator's appointment, each party shall submit via electronic mail to the conciliator and the other party a position statement." *Id.* "A failure to submit such a position statement to the conciliator, to the other party, and to the board five calendar days prior to the day of the hearing shall require the conciliator to take evidence only in support of matters raised in the position statement that was submitted prior to the hearing." *Id.* R.C. 4117.14(G)(3) is the corresponding statute to the rule and provides "Not later than five calendar days before the hearing, each of the parties shall submit to the conciliator, to the opposing party, and to the board, a written report summarizing the unresolved issues, the party's final offer as to the issues, and the rationale for that position."

{¶ 7} The Union states it met with the city and the conciliator prior to the commencement of the June 7, 2021 hearing to discuss the city's failure to file a copy of its prehearing statement with the Board. The conciliator elected to move forward. The Union repeated its objection before the conciliation began. There is no transcript or documentation of the objection.

{¶ 8} The conciliator concluded:

> While the Conciliator worked hard in mediation to obtain a different outcome than either party's final offer, the final offer arbitration procedure adopted by Ohio requires the Conciliator to pick either the employer's or union's offer without modification. Given this constraint, the Conciliator selects the city's final offer for the full-time police officers.

{¶ 9} The Union moved the Cuyahoga County Common Pleas Court to vacate the award under R.C. 2711.10(C) and (D). The Union argued that the city's failure to serve SERB pursuant to R.C. 4117.14(G)(3) and Ohio Adm.Code 4117-9-06(E) was a fatal flaw that should have barred the city from presenting its case during conciliation pursuant to *In re Greenville Patrol Officers Assn.*, 2000-SERB-005 (June 13, 2005) ("*Greenville SERB*") and *Greenville v. Greenville Patrol Officers Assn.*, Darke C.P. No. CV-99-57669, ("*Greenville Case*") (collectively, "*Greenville*").

{¶ 10} The Union argued that *Greenville* served as precedent to vacate the award and remand for a new hearing on the ground that the conciliator exceeded his authority by accepting the city's untimely prehearing statement. The Union urged that, upon remand and as a result of the late submission, the city should be barred

from presenting its prehearing statement as determined in *Greenville*. The city countered that the Union failed to object formally until it received an unfavorable conciliation decision and that the Union suffered no prejudice by the late filing with SERB. The city moved to affirm the award under R.C. 2711.09.

{¶ 11} The trial court denied the Union's motion to vacate and affirmed the award. In a well-reasoned opinion, the trial court determined that the Union was estopped by its failure to formally object at the conciliation.

> "The failure on the part of a party to object to the scope of arbitration constitutes a waiver of the right to contest that issue on appeal." *City of Fostoria v. Ohio Patrolman's Benevolent Assn.*, 106 Ohio St.3d 194, 2005-Ohio-4558, 833 N.E.2d 720, at ¶ 28. The application of estoppel "prevents a party from taking two bites of the same apple, i.e., submitting the case for arbitration and raising the arbitrator's lack of authority to hear the issues only in the event that an adverse award is rendered." *Creature v. Baird*, 154 Ohio App.3d 316, 2003-Ohio-5009, 797 N.E.2d 127, ¶ 12 (7th Dist.), citing *E. S. Gallon Co., L.P.A. v. Deutsch*, 142 Ohio App.3d 137, 754 N.E.2d 291 (2d Dist. 2001), quoting *City of Vermilion v. Willard Constr. Co.*, 9th Dist. Lorain No. 94CA006008, 1995 Ohio App. LEXIS 3030 (July 19, 1995).
>
> * * *
>
> To address the initial determination of estoppel, the court notes that there is no transcript of the conciliation hearing evidencing an officially memorialized R.C. 4117.14(G)(3)/Ohio [Adm.]Code 4117-9-06(E) objection by plaintiff and that there is no mention of plaintiff's R.C. 4117.14(G)(3)/Ohio [Adm.]Code 4117-9-06(E) objection in the conciliator's award for purposes of an officially memorialized objection for the record. In the absence of a recorded objection, the court finds that plaintiff did not officially preserve its R.C. 4117.14(G)(3)/Ohio [Adm.]Code 4117-9-06(E) objection to the scope of the [sic] being estopped from now raising that issue before this court. As a result, the court finds that there is no basis under R.C. 2711.10 to vacate the conciliation award.

Journal entry No. 119614474, p. 1-2 (Nov. 22, 2021).

{¶ 12} The trial court explained why, based on the purpose and policy of R.C. 4117.14(G)(3) and Ohio Adm.Code 4117-09-06(E), no grounds existed to vacate the award.

> Even if the plaintiff's informal inquiries and the parties' unrecorded discussion of R.C. 4117.14(G)(3)/Ohio [Adm.]Code 4117-9-06(E) somehow constitute an officially preserved objection, the court nevertheless finds that there is still no basis to vacate the conciliation award because the conciliator's conduct and award were not acts of misbehavior or acts exceeding the conciliator's powers under R.C. 2711.10.
>
> * * *
>
> At the conciliation, the parties/counsel are present and the conciliator is present. The court significantly notes that SERB is not present at the conciliation, but solely serves as an administrative depository for the pre-hearing statement. [H]aving considered the 5-day requirement under R.C. 4117.14(G)(3), having reviewed the penalty under Ohio [Adm.]Code 4117-9-06(E), and in considering the logistics of the conciliation, the court finds that the essential and practical purpose of the 5-day rule is to provide timely, advanced notice to those actually preparing for and participating at the conciliation of the arguments that will be presented in allowing for a fair conciliation on the merits that is devoid of any unfair disadvantage to anyone preparing for the conciliation and devoid of any unfair surprise to anyone participating at the conciliation.
>
> Here, defendant timely provided its pre-hearing statement to the conciliator and to opposing counsel as those preparing for and participating at the conciliation hearing. While it is clear that the defendant failed to provide its pre-hearing statement to SERB, the court does not find that the defendant's inadvertent oversight in failing to administratively file the pre-hearing statement with SERB negates the reality that the defendant complied with the fundamental purpose and spirit of R.C. 4117.14(G)(3)/Ohio [Adm.]Code 4117-9-06(E) in providing its pre-hearing statement to those of paramount importance for preparing for and participating at a meritorious conciliation.

*Id.* at p. 2.

**{¶ 13}** The trial court also rejected the Union's argument that *Greenville* applied.

> In the *Greenville* case, the union failed to submit its pre-hearing statement to anyone until just one day before the conciliation. Under this circumstance, the court finds that the focus in terms of compliance with R.C. 4117.14(G)(3)/Ohio [Adm.]Code 4117-9-06(E) is squarely on the unfair disadvantage/surprise to the conciliation participants due to the lack of timeliness of the submission; such untimeliness would have most critically disadvantaged the conciliator and opposing counsel in preparing for and participating at the conciliation.

> Here, the court finds that there was no such unfair disadvantage in preparing for the conciliation/surprise of the arguments on the merits at the conciliation to the plaintiff's counsel or to the conciliator as the critical participants at the conciliation because they were timely provided with defendant's pre-hearing statement 5 days in advance of the conciliation. In this way, the court finds that there is a substantial difference between the circumstance of a party timely providing its pre-hearing statement 5 days in advance to those actually preparing for/participating at the conciliation, but inadvertently overlooking the administrative filing of the pre-hearing statement with SERB as a non-participant at the conciliation and the circumstance of a party either submitting its pre-hearing statement very untimely as it relates to those actually preparing for/participating at the conciliation or not submitting its pre-hearing statement at all to opposing counsel as a party preparing for/participating at the conciliation.

*Id*. at p. 2-3.

**{¶ 14}** The Union appeals and poses two errors for review:

I. The trial court erred when it held plaintiff's objections to the conciliation continuing were not sufficient as they were not made on a transcript to memorialize them and there was no mention of objections in the conciliator's report.

II. The trial court erred when it held that while defendant did not file its prehearing statement to SERB, defendant still complied with the purpose of R.C. 4117.14(G)(3) and Ohio Adm.Code 4117-9-O6(E).

## II. Law and Discussion

### A. Standard of review

{¶ 15} Awards and orders of the conciliator that are made pursuant to R.C. Chapter 4117 "are subject to review by the court of common pleas having jurisdiction over the public employer as provided in R.C. Chapter 2711" governing arbitration. R.C. 4117.14(H). "Arbitration is a favored method of resolving disputes, *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 700 N.E.2d 859 (1998), so the scope of judicial review of the arbitration proceedings is limited by statute and construing case law." *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 8th Dist. Cuyahoga No. 94361, 2010-Ohio-5597, ¶ 2, citing *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St.2d 516, 520, 330 N.E.2d 703 (1975).

{¶ 16} "[A]n arbitrator's award is presumed to be valid." *N. Olmsted v. Internatl. Assn., Local 1267*, 8th Dist. Cuyahoga Nos. 91300, 91301, and 91724, 2009-Ohio-960, ¶ 11, citing *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129, 551 N.E.2d 186 (1990). A court's sole jurisdiction once an arbitration has been completed is solely to "'confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate ( R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14).'" *Norman v. Kellie Auto Sales, Inc.*, 2020-Ohio-4311, 158 N.E.3d 166, ¶ 32 (10th Dist.), quoting *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 22.

**{¶ 17}** "'A trial court may not evaluate the actual merits of an award and must limit its review to determining whether the appealing party has established that the award is defective within the confines of R.C. Chapter 2711.'" *Id.* at ¶ 32, quoting *Champion Chrysler v. Dimension Serv. Corp.*, 2018-Ohio-5248, 118 N.E.3d 490, ¶ 10 (10th Dist.), quoting *Telle v. Estate of William Soroka*, 10th Dist. Franklin No. 08AP-272, 2008-Ohio-4902, ¶ 9.

**{¶ 18}** When an appellate court reviews "a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, ¶ 25.

**{¶ 19}** "Our de novo review on appeal, however, is not a de novo review of the merits of the dispute as presented to the arbitrator." *Zeck v. Smith Custom Homes & Design, LLC*, 8th Dist. Cuyahoga No. 110574, 2022-Ohio-622, ¶ 12, citing *Adams Cty./Ohio Valley Local School v. OAPSE/AFSCME, Local 572*, 2017-Ohio-6929, 94 N.E.3d 937, ¶ 18 (4th Dist.), citing *Jackson Cty., Ohio Sheriff v. FOP Ohio Labor Council, Inc.*, 4th Dist. Jackson No. 02CA15, 2004-Ohio-3535, ¶ 19-20. "Rather, we review a trial court's decision whether to vacate an arbitration award 'de novo to see whether any of the statutory grounds for vacating an award exist.'" *Id.*, quoting *id.*

## B. Analysis

{¶ 20} We combine the assigned errors for analysis. The Union argues that it could not present a formal challenge to the conciliator's decision to proceed until the trial-court level via the motion to vacate. The Union cites Ohio Adm.Code 4117-9-06(F) in support of its position. The rule provides that "[t]he conciliator shall make provisions allowing for a written record of the hearing. The conciliator's notes shall constitute the record for the conciliation hearing, unless the parties agree otherwise." A review of the 2019 SERB Conciliation Guidebook also provides that "[t]he Conciliator is responsible for the record of the hearing. The taking of notes on the part of the Conciliator is considered sufficient. The costs of a stenographer are the responsibility of the requesting party or parties." 2019 SERB Conciliation Guidebook at p. 9 (Jan. 2019).

{¶ 21} Thus, the Union argues that it could not obtain a record of the informal objection made prior to the proceedings but that the city conceded at the hearing on the motion to vacate that an informal objection was raised. Notwithstanding this fact, the Union does not explain why there was no formal objection placed during the hearing or a request made that the conciliator document the decision to move forward over the Union's objection.

{¶ 22} In addition, while R.C. 4117.14(G)(2) imposes a preference for a prompt conciliation hearing, Ohio Adm.Code 4117-9-02(F) provides that a party may move to stay the hearing for good cause shown. *Bd. of Trustees of Butler Twp. v. Butler Twp. Professional Fire Fighters*, 183 Ohio App.3d 575, 2009-Ohio-

4319, 917 N.E.2d 883, ¶ 34 (2d Dist.). There is no evidence that Union requested a stay of the proceedings considering the alleged gravity of the matter.

{¶ 23} This court does not agree with the Union that the trial court's reliance on *Fostoria v. Ohio Patrolmen's Benevolent Assn.,* 106 Ohio St.3d 194, 2005-Ohio-4558, 833 N.E.2d 720, is misplaced. The failure to object or argue at the conciliation hearing that the conciliator lacked authority to proceed "'constitutes a waiver of the right to contest that issue on appeal.'" *Perkins Twp. v. IAFF Local 1953*, 6th Dist. Erie No. E-18-041, 2019-Ohio-3706, ¶ 37, quoting *Fostoria* at ¶ 28. "Moreover, a party may not procure a reversal of a judgment 'for an error for which he was actively responsible.'" *Id.*, quoting *id.* at ¶ 14.

{¶ 24} We also find that the trial court's rationale and its rejection of the Union's proposed precedent of *Greenville* is supported by law.[2] As the trial court noted below, in *Greenville* the city timely served its prehearing statement on the city, conciliator, and the Board, but the union served its statement on the city and the conciliator just two days before the hearing that was received the day prior to the hearing. The union also failed to provide a copy to the Board. As the trial court in the instant case explained, the late submission to the opposing party and conciliator in *Greenville* placed those parties at a disadvantage in preparing for and participating in the conciliation hearing.

---

[2] A copy of the unreported trial court decision has not been provided but the SERB opinion provides background.

{¶ 25} The conciliator overruled the city's objections to the late filing of the union's statement and entered an award. The *Greenville* Court vacated the award on the ground that the conciliator exceeded his authority, remanded the matter for a new conciliation hearing and barred the union from presenting its position. *Greenville SERB* determined that the union's actions constituted an unfair labor practice under R.C. 4117.11(B)(3) when it filed the prehearing conciliation statement one day before the hearing in contravention of R.C. 4117.14(G)(3).

{¶ 26} The Ohio Supreme Court "normally accords great deference to a decision SERB has made on a particular issue." *State ex rel. Ohio Assn. of Pub. School Emps./AFSCME v. State Emp. Relations Bd.*, 64 Ohio St.3d 149, 152, 593 N.E.2d 288 (1992). "'It was clearly the intention of the General Assembly to vest SERB with broad authority to administer and enforce R.C. Chapter 4117. * * * This authority must necessarily include the power to interpret the Act to achieve its purposes.'" *Id.*, quoting *Lorain City Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 267 (1988).

{¶ 27} In *Warren, Ohio v. Ohio Patrolmen's Benevolent Assn.*, SERB Case No. 2019-MED-10-1099 (Sept. 28, 2020), counsel for the union requested a side bar meeting with the conciliator and counsel for the city immediately prior to the hearing. The union contended that the city's submission was deficient under R.C. 4117.14(G)(3) due to its failure to submit a copy of its prehearing statement to the Board. The parties were unable to negotiate a waiver of the defect or to reach SERB counsel for guidance. The hearing was rescheduled. SERB counsel advised

the conciliator that no action regarding the union's objection would be taken prior to the rescheduled hearing.

{¶ 28} The conciliator issued a comprehensive award after the rescheduled hearing and, of import here, addressed the pending objection. The conciliator stated that the union's request to exclude the city's evidence due to the failure to serve SERB "was fundamental to the conciliation hearing process and requires an extensive explanation of the rationale of the Conciliator." As did the Union in this case, the union argued that *Greenville* served as precedent for its position.

{¶ 29} The conciliator stated that the failure in *Greenville* was "a difference with a significant distinction." *Id.* at p. 12. The "failure was the untimely submission of the [union's] position statement" "to the city and conciliator on the day before the hearing versus the required five days before the hearing pursuant to R.C. 4117.14(G)(3)." *Id.* "The common pleas court and SERB Board view such untimely submission as a fatal defect to the conciliation process." *Id.*

{¶ 30} "The only error by the city of Warren was its failure to submit its position statement to SERB" but the union and conciliator received the statements pursuant to statute. *Id.* at p. 12. The conciliator also observed that while the union's failure to serve SERB was "noted in the findings of fact," the focus in the "findings of law" was on the untimely submission and resulting prejudice to the parties and the process. *Id.* "The impact * * * on SERB was not discussed." *Id.*

{¶ 31} The conciliator concluded that the "error of omission to send the prehearing statement to SERB did not prejudice or damage any party." *Id.* at p. 13.

"This event, however, did not prejudice SERB or the resolution process of [R.C.] Chapter 4117." *Id.* The conciliator also noted that he asked SERB counsel what SERB did with the prehearing statement copies. "The response [was] *'nothing, they are electronically filed away without any review or action taken.'*" Emphasis sic. *Id.*

{¶ 32} In addition, the conciliator explained:

"Everyone is entitled to due process." That means the process of the "Conciliation hearing" is paramount. The employee's (OPBA) arguments for collective bargaining issues as well as the taxpayers and citizens of the community's positions, through their elected officials, should be able to be presented. In some cases those positions are identical and sometimes polar opposites. Only by the facts presented can the Conciliator render a selection of last final which will withstand the test of constituent's review and voluntary acceptance. For this Conciliator to accept less would compromise "due process" owed to all.

*Id.*

{¶ 33} Finally, the conciliator listed his findings on the issue:

Ergo, after all that due diligence of determining potential prejudice to the process by the City's omission, this Conciliator finds insufficient basis to tip the scales and not allow the City to present its case.

To do otherwise would give credence to a technical error which would totally negate the due process contemplated and required under [R.C. Chapter] 4117. A truly inequitable outcome should the [union's] motion to exclude evidence be granted.

For all of the aforementioned rational, the Conciliator denied the [union's] motion and decided to proceed with the conciliation hearing. [Union's] objection to this finding on its motion is duly noted in this record of the hearing.

Exclusion of the City's evidence in support of its final offer would be a deprivation of a right without adequate justification for such action The City's failure to submit its pre-hearing statement to SERB, and the fact that such omission did not prejudice the union, SERB, the Conciliator

or the hearing, is not a sufficient event to deny due process to the City of Warren, Ohio.

*Id.* at p. 14.

**{¶ 34}** Based on the foregoing, this court finds that the trial court's analysis in this case was directly on point.

**{¶ 35}** The Union's assigned errors lack merit. The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

ANITA LASTER MAYS, PRESIDING JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
MARY J. BOYLE, J., CONCUR